### ALLEN *v*. THE STATE.

| 26 | 333 |
| 56 | 25 |
| 26 | 333 |
| 58 | 239 |
| 26 | 333 |
| 62 | 304 |

MURDER— *Verdict must find degree*—A verdict of conviction in a case of murder, which does not find the degree of murder, is so fatally defective, that no judgment can be entered upon it.

WHEN OBJECTION WAIVED—When a verdict is so defective that no judgment can be entered upon it, the defendant who might have had it perfected when rendered, is considered as consenting to it, and as waiving any objection to being put to answer before another jury.

. *Appeal from Arkansas Circuit Court.*

HON. HENRY B. MORSE, Circuit Judge.

*R. A. Whitimore,* for appellant.

*Montgomery, Att'y Gen'l,* for appellee.

HARRISON, J.

The appellant was tried in the Arkansas circuit court, for the murder of Mark Hubbard.

The jury returned a verdict of "guilty, as charged in the indictment."

The defendant moved in arrest of judgment, because the verdict did not find the degree of the crime; and for his discharge from custody, on the ground that, having been once put in jeopardy, he could not be tried again upon the same charge; but his motion was overruled, and he was sentenced to be hanged.

We have decided, at the present term, in the case of Thompson *v*. The State, *ante*, that a verdict of conviction, in a case of murder, which does not find the degree of murder, is so fatally defective that no judgment can be entered upon it. *Thompson v. The State, ante, and authorities there cited.*

The court, however, very properly refused to discharge the defendant, for it is well established by the authorities that

when a verdict is so defective that no judgment can he entered
upon it, the defendant, who might have had it perfected when
rendered, is considered as consenting to it, and as waiving any
objections to being put to answer before another jury.

The judgment of the court below is reversed, and the cause
remanded to it, with instructions to arrest the judgment and
award a new trial.