CURTIS v. THE STATE.

VERDICT— *Where different grades charged.*—In an indictment charging a public offense of different grades, or containing several counts charging different grades of the offense, a general verdict of "guilty, as charged in the indictment," not finding the degree of the offense, it will be presumed that the jury found in favor of the higher grade of the offense charged.

*Appeal from Clark Circuit Court.*

HON. T. G. T. STEEL, Circuit Judge.

*J. L. Witherspoon,* for appellant.

We submit that the court erred in overruling the motion for a new trial. See *Chap. Dig. 120; 2 Wharton, 2947,* and *Stewart v. State, 13 Ark. 749.* Fraudulent practice is not a felony under our statute; *224, Chaps. New Dig.* There are no grades in it as in larceny; *McKenzie v. State, 6 Eng, 594; People v. Haynes, 14 Wendell, 572 & 3; 11 Wend. 18.* Criminal and penal statutes must be construed strictly, and that construction given them that is most favorable to the defendant; *4 John. N. Y. R. 296; Sedgwick on Statutory Law, 324–5 and 333; 1 Bish. Crim. L. 4 ed. secs. 205, 220–1, 234–5 and note, and secs. 249, 250 and 251; Shay v. The People 22 N. Y. 317; Secs, 10 and 11, p. 202. chap. New Dig.; 2 Bish.*

*Crim. L* , *sec. 345.* The grade of offense should be found by the jury. *1 Bish.' Crim. Proceed. sec. 835; 2 Ib. sec. 138; 722, 724 and note; 6th Ed. Whar. Crim. L. 1868; Lock v. State, 32, N. Y. 106.*

*Montgomery*, Attorney General, for appellee.

"The jurisdiction of circuit courts extends to all crimes except certain affrays, and assaults and batteries." *Tucker ex-parte, 25 Ark. 567; Code p. 261, sec. 10.* For statutory exactment, see Chapters of Digest, page 224.

McCLURE, C. J.

Curtis was indicted in the circuit court of Clark county, for fraudulent practices; tried, found guilty and sentenced to the penitentiary for two years. A motion for a new trial was made upon the following grounds:

*First.* Because said verdict is against the law and the evidence.

*Second.* Because the court instructed the jury contrary to law, or made remarks in regard to the law of the case, which were erroneous, and were taken by the jury as instructions.

*Third.* Because the panel, from which the jury was selected, was selected by the sheriff, who was not sworn by the court as required by section 19, of the new Digest, under the head of "Jurors." The motion for a new trial was overruled and the defendant excepted. In the absence of a bill of exceptions we are unable to say whether the verdict was against law and evidence, or whether the jury were erroneously instructed. The third ground for a new trial is not made a cause for a new trial under the Code.

The only question in the case that now remains is, did the court err in refusing to arrest the judgment? The 272d section of the Code declares: "The only grounds upon which a judgment shall be arrested is, that the facts stated in the indict-

ment do not constitute a public offense within the jurisdiction."
There is no question but the circuit court had jurisdiction of
the offense. (*25 Ark. 567.*) The only question before the
court is, does the indictment charge a public offense? It is
urged, with some vehemence, that the verdict of the jury does
not fix the value of the property obtained by the fraudulent
practice, and that, in as much as the prisoner is to be punished
as for a larceny, for this species of crime, the finding of
the jury should also state the value of the property, to the end
that the punishment for grand or petit larceny may be inflic-
ted, and as there is no such finding in this case, the court
below ought to have presumed the property to have been of
less value than twenty-five dollars, and inflicted the penalty
accordingly. This question, under the Code, cannot be raised
in arrest of judgment, as it says : "The *only* ground upon
which a judgment shall be arrested is, that the facts stated *in*
*the indictment,* do not constitute a public offense within the
jurisdiction of the court." In the case of *Tepper v. The Com-*
*monwealth of Kentucky,* (*1 Met. 9*), an attempt was made to re-
verse the judgment on the ground that the court had no juris-
diction of the case, and the Supreme Court of the State said :
"It no where appears that the appellant objected to the juris-
diction of the court before which he was tried; but if he had,
and had saved the point by exception, *it could not avail for rever-*
*sal in this court.* * * * Such motion (in arrest of judgment)
cannot go behind the indictment. The *only* inquiry, permissa-
ble upon it, relates *to the sufficiency of the indictment.*"

The Code says : "an indictment must contain the title of
the prosecution—the name of the court in which the indict-
ment is presented—the names of the parties, and a statement
of the acts constituting the offense, in ordinary and concise
language, in such a manner as to enable a person of common
understanding to know what is intended," *sec. 121.*

Section 128 of the Criminal Code says : "The indictment is
sufficient if it can be understood therefrom :

*First.* That it was found by a grand jury of a county, im-

paneled in a court having authority to receive it, though the name of the court is not accurately stated.

*Second.* That the offense was committed within the jurisdiction of the court, and at some time prior to the time of finding the indictment.

*Third.* That the act or omission charged as the offense, is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case."

This indictment is not susceptible to objection for any of the causes mentioned in the first and second clauses of section 128, and if to objection at all, it is on the ground that the offense is not stated with sufficient certainty to enable the court to pronounce judgment on conviction.

The verdict of the jury is, that " We, the jury, find the defendant guilty in the manner and form as charged in the indictment." The only inquiry then for the court below, was, does the indictment charge an offense, and if so, what is the punishment applicable to it? That it charges an offense there can be no question. But the appellant insists, that in as much as the finding of the jury does not disclose the value of the goods obtained by the fraudulent practice, the court can not render a judgment, because it is not known whether the jury found the appellant guilty of obtaining twenty-five dollars value of property, or more, and that the value of the property obtained determines the judgment to be pronounced.

In the case of *Conkey v. The People (5 Park Crim. Rep. 36,)* there were three counts in the indictment: 1st, rape; 2d, assisting Herrington to commit a rape; and 3d, an assault with intent to commit a rape. The verdict of the jury was, that " they find the prisoner guilty of the offense charged in the indictment." It was claimed that such verdict found the prisoner guilty of all the offenses charged, without specifying which; but the court held, that in effect it was a general verdict and that in such case, the practice was to pass judgment on the count charging the highest grade of offense—that if the

jury had intended to have found the prisoner guilty of one of the inferior grades of the offense, they would unquestionably have employed language expressing such an intention. (*Whar. Crim. Law, sec. 3048; 12 Serg. & Rawle, 69.*)

The indictment, in this case, charges a public offense within the jurisdiction of the court, the penalty attached to which, on conviction, would be such as is imposed for grand larceny. The finding of the jury is responsive to this charge, and the judgment of the court is in entire harmony with the verdict. The fair presumption is, that if the jury had found that the property obtained was less than twenty-five dollars, in value, they would so have returned. The absence of any such finding, coupled with the fact that they find the prisoner guilty "in manner and form as charged in the indictment," precludes the idea, that they found the value of the property taken to be of less value than twenty-five dollars. In murder, it is the duty of the jury to find the degree; but this is only so, because of statutory invasions of the common law, as to that offense. On an indictment for murder, at common law, a general verdict of guilty was followed by a judgment upon the highest grade of offense; but if the jury so elected, they could find for any of the lower grades and the judgment was pronounced upon the grade so found. In all cases, where the finding was for a less grade than that charged in the indictment, (at common law,) the practice has been for the jury to depart from a general verdict of guilty, and to enumerate the grade, and in all cases, where there has been no departure from the general verdict of guilty, the judgment has always attached to the highest grade charged. An application of these rules, to the case at bar, convinces us that there is no inconsistency between the verdict and the judgment, nor is the judgment at variance with the offense charged in the indictment. The judgment will be affirmed.