TRAMMELL *v*. THE STATE.

MURDER - *Verdict should find the degree.*--In an indictment for *murder*, a verdict of conviction, which does not find the degree of murder, is so fatally defective that no judgment can be entered upon it.

*Appeal from Ouachita Circuit Court.*

Hon. G. W. McCown, Circuit Judge.

R. C. Newton, for appellant.

M. W. Benjamin, and Thos. Marcum, for appellee.

Harrison, J.

Albert Trammel was tried, in the Ouachita circuit court, for the murder of Caroline Trammell. The jury found him guilty, but failed to find the degree of murder, and he was, upon the verdict, sentenced to be hanged.

The record in this case is manifestly very imperfect. Copied in the transcript is what, though very informally and inartistically drawn, was, perhaps, intended for a bill of exceptions, purporting to set out a motion for a new trial, and exception, by the defendant, to the overruling of the same; but which does not appear to have been filed, or in any manner made part of the record. But we held in *Thompson v. The State*, and *Allen v. The State*, decided at the last term, after a full examination of the authorities, that a verdict of guilty upon an indictment for murder, which does not declare the degree, is so defective that no judgment can be pronounced upon it. As we said in the former of these cases, the statute, establishing degrees in murder, did not create any new offense, or change the defination of murder, as it was understood at common law, but only mitigated the punishment, when not committed under certain circumstances of great atrocity, and that an indictment for murder, in the common form, does not charge murder in the first degree. And we think there can be no doubt that, if the murder were charged to have been committed by lying in wait, or in the attempt to commit arson, or any other of the felonies enumerated in the statute, though the proof should fail as to such fact, the accused might, nevertheless, be convicted of murder in the first degree, if committed by any kind of willful, deliberate, malicious and pre-meditated killing, the means and manner of which are sufficiently set forth and described in the indictment.

The judgment is reversed and the cause remanded to the court below, with instructions to put the accused again upon trial, and to proceed according to law.