· NEVILLE *v.* THE STATE.

CRIMINAL LAW.—A verdict of conviction in a case of murder, which does not find the degree of murder, is so fatally defective that no judgment can be entered upon it.

*Appeal from Phillips Circuit Court.*

HON. JOHN E. BENNETT, Circuit Judge.

*Garland & Nash*, for appellants.

*Montgomery*, Attorney General, for appellee.

HARRINGTON, Special J.

The appellant was tried in the court below for the murder of Sandy Nash.   The jury returned a verdict of "guilty as charged in the indictment."   The defendant moved for a new trial and presented, in support thereof, exceptions to the verdict, also exceptions to the instructions and rulings of the court and to the evidence, but his motion was overruled and he was sentenced to be hanged.   Many of the causes assigned for a new

trial are unimportant, and need not be considered by this court in reviewing the case; but the language of the verdict "guilty as charged in the indictment," is too general to guide the court to the penalty which the law inflicts. Murder is recognized by the statute as a greater or less crime, according to the circumstances under which it may be committed, and is classed into the first and second degrees, and different punishment provided for each degree. It is therefore just as necessary that the jury should find the degree in which the defendant is guilty of murder, as it is that they should find whether or not he is guilty of the murder. And this court has held in *Thompson v. The State:* "That a verdict of conviction in a case of murder, which does not find the degree of murder, is so fatally defective that no judgment can be entered upon it." See *Thompson v. The State*, and *Allen v. The State*, decided at December term, 1870, and authorities there cited. Also, *Trammell v. The State*, decided at the present term.

The judgment of the court below is reversed and the cause remanded to it with instructions to arrest the judgment and grant a new trial.