## KEARNEY V. PEOPLE.

1. On an indictment for murder, a verdict finding "defendant guilty in manner and form as charged in the indictment," but failing to find whether defendant is guilty in the first or second degree, as required by Laws of 1883, p. 150, is insufficient.

2. On a trial for murder it is error to charge that "if you believe from the evidence that defendant fired the shot that caused the death of the deceased, and that at the time of the controversy defendant was in such a mental condition as to distinguish the difference between right and wrong, then he was responsible for his act, and you must convict;" such charge standing alone not stating a correct legal proposition.

*Error to District Court of Pitkin County.*

Messrs. AARON HEIMS, E. M. COLLINS, PORTER PLUMB and WILSON and STIMSON, for plaintiff in error.

Attorney-General ALVIN MARSH, for the people.

BECK, C. J.   The plaintiff in error was indicted at the November term, 1887, of the Pitkin county district court, for the murder of one John J. Burt.   He was tried and convicted thereof at the January term of the present year, and sentenced to be hanged, which judgment has been superseded for a defect in the verdict returned by the trial jury   The statute defining the crime of murder and providing for its punishment was last amended by the legislature of 1883.   As amended the statute divides the crime of murder into two degrees, and requires the jury trying any person indicted for said crime, if they find him guilty thereof, "to designate by their verdict whether it be murder of the first or second degree." The amended statute further provides that "every person convicted of murder of the first degree shall suffer death, and every person convicted of murder of the second degree shall suffer imprisonment in the penitentiary for a term not less than ten years."   Laws 1883, p. 150. The jury in the present case failed to observe the statu-

tory requirement, the verdict returned by it being as follows:

"We, the jury, find the defendant guilty in manner and form as charged in the indictment.

"CHAS. S. CROSBY, Foreman."

It is assigned for error that "the verdict of the jury does not specify the degree of homicide of which they find plaintiff in error guilty." We deem this error well assigned. If a verdict in this form could be sustained at all, it would have to be considered, in view of our former rulings, a verdict of murder in the second degree. *Garvey v. People*, 6 Colo. 559. But the statute is mandatory, and requires a jury trying a murder case to specify the degree of murder, in case of conviction, not by reference to the indictment, but by its appropriate numeral, first or second.

The following instruction is likewise assigned for error: "The court instructs the jury that if you believe from the evidence that defendant fired the shot that caused the death of the deceased, and that at the time of the controversy the defendant was in such a mental condition as to distinguish the difference between right and wrong, then he was responsible for his act, and you must convict." This instruction is incomplete. Standing alone it does not embody a correct and complete legal proposition. For the foregoing errors the judgment is reversed and cause remanded for a new trial.

*Reversed.*