PORTER *v.* STATE.

Opinion delivered February 11, 1893.

*Murder—Sufficiency of verdict.*

Mansf. Dig. sec. 2284, which provides that "the jury shall, in all
cases of murder, on conviction of the accused, find by their
verdict whether he be guilty of murder in the first or second
degree," applies only where the indictment is for murder in
the first degree; accordingly, on an indictment for murder in
the second degree, a verdict of "guilty as charged in the indict-
ment" is sufficient.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*Vaughan & Collins*, for appellant.

1.   The evidence fails to show malice.    Mansf. Dig.
sec. 1519.    It is true, killing with a deadly weapon usu-
ally implies malice, but if there are circumstances of
justification, mitigation, or excuse, the law does not
imply malice.    35 Ark. 585; 38 *id.* 221; 34 *id.* 433.
The evidence only makes a case of manslaughter, and,
under the rule in 19 S. W. Rep. 99, the case should be
remanded with directions to sentence for manslaughter.

2.   The jury failed to find the *degree* of murder.
Mansf. Dig. sec. 2284; 26 Ark. 323, 535, 614; 24 Tex.
410, 412; 18 Ala. 781; 17 *id.* 618; 5 How. (Miss.), 30–32;
Whart. Cr. Pl. & Pr. (8th ed.), sec. 752; 2 Bish. Cr.
Pr. (2d ed.), secs. 564–5–7 and notes.

*Jas. P. Clarke*, Attorney General, and *J. H. Harrod*, for appellee.

1.  The distinction between murder and manslaughter was thoroughly explained to the jury, and after hearing the evidence they found there were no mitigating or justifying circumstances.

2.  The statute does not apply to indictments for murder in the second degree, but if it does, the jury, in point of fact, by their verdict did find the degree of murder.  The cases cited by appellant were cases of *murder*.

COCKRILL, C. J.  On an indictment for murder in the second degree, the jury returned a verdict of "guilty as charged in the indictment," and left the assessment of the punishment to the court.  The court treated the verdict as one for murder in the second degree, and sentenced the prisoner to the lowest term of imprisonment provided for that offense.  The statute prescribes that "the jury shall, in all cases of murder, on conviction of the accused, find by their verdict whether he be guilty of murder in the first or second degree."  Mansf. Dig. sec. 2284.

It is argued that the verdict in this case is insufficient to sustain the judgment, because the jury have not said in so many words that they find the accused "guilty of murder in the second degree."  That, however, is the legal import of the verdict of "guilty as charged in the indictment," unless the statute quoted applies where the indictment specifically disclaims to lay a charge for more than murder in the second degree.

The prevailing rule, and the one that is adhered to by this court, is stated by Mr. Bishop as follows :  "A general finding of guilty will be interpreted as guilty of all that the indictment well alleges.  It is sometimes said that such finding, where different grades of an

offense are charged, means guilty of the highest grade; but this is only another form of saying that it means guilty of all, because a higher grade includes the lower." 1 Bish. Cr. Pro. sec. 1005*a ; Curtis* v. *State*, 26 Ark. 439.

In this indictment only murder in the second degree is charged. When therefore the jury return a verdict of guilty as charged, it is manifest, under the rule above stated, that they intend to return a verdict for that degree of murder. The object of the statute was to make sure that the accused should not be subjected to capital punishment unless the jury specially find that he is guilty of the first degree of murder. *Simpson* v. *Stale*, 56 Ark. 8. The statute does not apply to degrees of homicide less than murder. *Fagg* v. *State*, 50 Ark. 506. No enquiry can arise as to whether one has been convicted of murder in the first degree when he is indicted only for murder in the second degree.

We conclude therefore that it is only on the trial of an indictment for murder in the first degree that the verdict must specify the degree of which the accused is convicted. Kerr's Law of Homicide, sec. 542.

The only other question presented relates to the proof. It is argued that it is not sufficient to sustain a judgment of murder. The defendant conceded that he did the killing with a deadly weapon. The jury might well have found that it was done under circumstances which would have reduced the offense to manslaughter. But if the circumstances were such only as were detailed by the first witness for the prosecution, the jury's refusal to find that they were sufficient to reduce the offense to manslaughter can easily be justified. They were the judges of the facts, they have found as indicated, and their verdict cannot be disturbed.

Affirm.