RITTMAN *v.* PAYNE.

Opinion delivered July 21, 1900.

MUNICIPAL CORPORATION—VACANCY IN OFFICE—SPECIAL ELECTION.—A special election to fill the office of city marshal of a city of the second class, held on notice of the mayor without authority of the city council, is invalid. (Page 339.)

Appeal from Arkansas Circuit Court.

GEO. M. CHAPLINE, Judge.

*Geo. C. Lewis*, for appellant.

Where special findings of fact are made by a court, they must state all the facts necessary to support the verdict. 33 Ark. 534; 8 Enc. Pl. & Pr. 933, 949. There can be no "*implied authority*" to hold an election. 10 Am. & Eng. Enc. Law (2d Ed.) 563; 32 Fla. 545; 148 Ind. 38. The city council, and not the mayor, was authorized to set the time and place of the special election. Sand. & H. Dig., § 5127. Hence the election is void. 10 Am. & Eng. Enc. Law (2d Ed.) 562, 624, 630; Dill. Mun. Corp. 194; 50 Ark. 279; 3 S. W. 622; 89 Ill. 337; 27 Ill. 310; 38 Ill. 44; 61 Ill. 99; 104 Ill. 339; 54 Ill. 123; 21 L. R. A. 202, S. C. 108 N. C. 106; Dill. Mun. Corp. §§ 208, 270; Ell. Mun. Corp. § 193; Beach, Pub. Corp. §§ 163, 381; Tied. Mun. Corp. § 65

*Parker & Parker*, for appellee.

The statute does not require the special election to be called by the *town council*. If the people know of a special election, and participate therein, even though the proper notice be not given, unless it appears that upon proper notice it would have resulted differently, the election will stand. 7 Neb. 381; 13 Neb. 466; 46 Neb. 514; 14 Bush, 161; 57 Md. 327; 10 How. 212; 8 Pa. Co. & Ct. Ref. 568; 132 Mass. 289; 84 Mich. 420; 31 Neb. 82; 17 R. I. 594; 50 Ark. 277.

BUNN, C. J. This cause, in some of its aspects, was once before on appeal in this court. Our decision on that appeal is reported in 66 Ark. 201, the case being styled "E. Payne, Appellant, against W. H. Rittman, Appellee." The questions before us then were: First, whether or not the governor's appointment of E. Payne, the appellant, to fill the vacancy in the office of marshal of Stuttgart, a city of the second class, was valid; and, secondly, had the circuit court jurisdiction to hear and determine a contested election for that office? We held, in effect, that the governor's appointment was invalid, and that the power to fill such vacancy rests in the city council, the language of the decision being as follows, to-wit: "It will be observed that, while authority is conferred by statute upon a city of the second class to order special elections to fill vacancies in the office of city alderman, nothing

is said in that connection as to the office of city marshal. But a majority of this court holds that the authority to fill vacancies belongs to municipalities generally, and that these general powers are expressly conferred by statute in this state upon all its municipal corporations." "Municipalities," as here used, means the city or town councils, through which municipal action is expressed and had. This cause was remanded with directions to the circuit court to overrule the demurrer as to its jurisdiction of the contested election, and to proceed to try the same. The defendant, on the case being remanded, filed his answer, in which he not only answered the notice of contest, but also set up the fact that the election had been held on the notice of the mayor only, without any authority of the city council on the subject. The city council having the sole right to fill the vacancy, that should have been done by previous ordinance or resolution. The mayor had no power in the matter, and any acceptance of the mere result of the election cannot be regarded as giving any validity to the election itself. The trial court found that the election was held by direction and notice of the mayor. There was, therefore, no legal election, and it is unnecessary to go into the inquiry as to who was elected.

Judgment reversed, and cause dismissed.