## LANCASTER *v.* STATE.

Opinion delivered December 6, 1902.

MURDER—PLEA OF GUILTY—DECREE.—Where defendant pleaded guilty to an indictment for murder in the first degree, a judgment sentencing him for that degree, without impaneling a jury to find the degree of murder, as required by Sand. & H. Dig., § 2255, will be reversed with an order that a jury be impaneled to find the degree of murder.

Appeal from Van Buren Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Reversed.

*Chas. Jacobson,* for appellant.

A judgment contrary to law is void. Sand. & H. Dig. § 2255; 58 Ark. 233; 26 Ark. 323-330; 26 Ark. 534; 26 Ark. 514; 31 Fla. 176, 164; 32 Fla. 244; 40 Ala. 698; 42 Ala. 509; 45 Ala. 32; 54 Ala. 520; 65 Ala. 492; 71 Ala. 329; 12 Md. 514; 60 Md. 402. This court has power to reverse the verdict. Sand. & H. Dig. § 2432.

RIDDICK, J. The defendant, John Lancaster, was indicted by the grand jury of Van Buren county for the crime of murder in the first degree. The record shows that, after a copy of the indictment had been served upon him, he appeared in person and with his attorney in open court, and waived arraignment, and for a plea to the indictment "says he is guilty."

The record further recites that "the court, after hearing the testimony in the case, both upon the part of the state and the defendant, and being sufficiently advised, doth fix his punishment at hanging by the neck until he is dead," and gave judgment accordingly. After the expiration of the term the defendant by his attorney sued out a writ of error from this court, and the record and judgment is brought before us in that way for review. It will be noticed that the defendant pleaded guilty to the indictment gen-

erally, and that there was no special finding either by the court or a jury that he was guilty of murder in the first degree. Our statute provides that "the jury shall in all cases of murder, on conviction of the accused, find by their verdict whether he is guilty of murder in the first or second degree; but, if the accused confess his guilt," the statute provides that "the court shall impanel a jury and examine testimony, and the degree of crime shall be found by such jury." Sand. & H. Dig. § 2255.

This statute was no doubt overlooked by the circuit judge, for under it this court has several times decided that a verdict upon an indictment for murder which does not find the degree of murder is so defective that no judgment can be entered upon it. *Porter* v. *State*, 57 Ark. 267, and cases cited. The statute, it will be seen, requires that there should be a special finding of the degree of murder by a jury, even though the defendant confess his guilt.

The defendant in this case confessed his guilt, but he did not specially plead guilty of murder in the first degree, and there was no special finding of the degree, either by the court or jury.

It follows, from the statute and decisions above referred to, that the general plea of guilty was not sufficient to sustain the judgment of death. The judgment is therefore reversed, and the case remanded, with an order that a jury be impaneled to find the degree of murder of which the defendant is guilty.