[No. 4501.]

## MAHANY v. THE PEOPLE.

1. **Manslaughter—Verdicts.**

A verdict of guilty of manslaughter without designating whether it be voluntary or involuntary, as is required by section 1181, Mills' Ann. Stats., is a nullity and will not sustain a sentence.

2. **Same—Former Jeopardy.**

Where a jury returned a verdict of guilty of manslaughter without designating whether it was voluntary or involuntary and the defendant made no objection to the discharge of the jury but merely excepted to the verdict and gave notice of motion for a new trial which he afterwards withdrew and consented that judgment be entered on the verdict for involuntary manslaughter, which the court declined to do but set aside the verdict because it was insufficient to sustain a judgment, the defendant by failing to object to the discharge of the jury must be held to have consented to their discharge and his plea of former jeopardy interposed in objection to another trial was properly overruled.

*Error to the District Court of Gunnison County.*

Messrs. BROWN & NOURSE and Messrs. TEMPLE & CRUMP, for plaintiff in error.

The ATTORNEY GENERAL and Mr. S. G. McMULLIN, district attorney, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court.

An information charging the defendant with murder was filed September 3, 1901. September 21, 1901, the jury returned a verdict as follows: "We, the jury, find the defendant guilty of manslaughter and do recommend him to the mercy of the court." The defendant excepted to the verdict and gave notice of a motion for a new trial. September 27 the defendant waived the filing of a motion for a new trial and stated to the court that he consented that

judgment for involuntary manslaughter be entered on the verdict, but the court refused to enter judgment upon the verdict and set it aside because it was insufficient to enter judgment upon. The defendant then moved that he be discharged from further custody under the information for the reason that he had been put upon his trial and had once been placed in jeopardy upon each and all the crimes charged in the information. The court denied the motion. The defendant was again placed upon trial on April 19, 1902, and on April 23, 1902, was convicted; the jury returning the following verdict: "We, the jury in the above entitled cause, do find the defendant guilty of voluntary manslaughter." The defendant brings the case here for review, and alleges that the court erred in refusing to sentence him upon the first verdict to a term in the county jail, erred in overruling his plea of former jeopardy, and erred in rendering judgment upon the second verdict.

By section 18 of the bill of rights it is declared, "that no person shall be compelled to testify against himself in a criminal case, nor shall any person be twice put in jeopardy for the same offense. If the jury disagree, or if the judgment be arrested after the verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy."

Sec. 1181, Mills' Annotated Statutes, is in part as follows: "Whenever a jury shall find a person guilty of manslaughter they shall designate by their verdict whether it be voluntary or involuntary manslaughter."

The sole question for determination is whether the defendant was twice placed in jeopardy for the same offense, within the purview of the constitutional provision cited. But for the requirement of the statute that the jury shall designate in the verdict the

grade of manslaughter, the first verdict would sustain a sentence for voluntary manslaughter.—*Welch v. State*, 50 Ga. 128.

Prior to 1883 the statutes did not require the jury to designate by their verdict the degree of the offense in cases where the defendant was found guilty of murder nor in cases where the defendant was found guilty of manslaughter, but by the act approved March 12, 1883, it was provided that "the jury before whom any person indicted for murder shall be tried, shall if they find such person guilty thereof designate by their verdict whether it be murder of the first or second degree." The act also provided that "whenever a jury shall find a person guilty of manslaughter they shall designate by their verdict whether it be voluntary or involuntary manslaughter." The section of the act requiring the jury to designate the degree of murder has been by this court held to be mandatory, and a judgment was reversed because the jury failed to designate the degree of the offense.—*Kearney v. People*, 11 Colo. 258.

"A verdict defective in omitting an essential ingredient is a nullity, and is no bar, as we have already seen, to a second trial on the same indictment, if there be no constitutional prohibition. It was in the power of the defendant to have it corrected at the time it was rendered; and if he fail to do this, he cannot afterward take advantage of his own laches." —Wharton's Cr. Pl. and Pr., § 756.

"Should a verdict be accepted from the jury so imperfect in form that there can be no judgment entered upon it, the consent of both parties to it will be presumed; because either was entitled to have it perfected when rendered. Therefore a prisoner may be tried anew. But if the indictment (verdict) will sustain a sentence, the court must pronounce it in-

stead of ordering a new trial."—1 Bishop's New Criminal Law, § 998.

"Where the statute requires in the verdict a designation of a degree, or the specific assessment of a punishment, a general verdict, without such designation or assessment, will be a nullity, and if the jury are discharged, a second trial may be instituted, except in those jurisdictions where constitutional limitations are held to stand in the way."—Wharton's Cr. Pl. and Pr., § 752.

"Whatever may have been the opinion of some of the earlier judges of both the United States and some of the state courts, in respect to the correct interpretation and effect of the constitutional provision, which declares that 'no person shall be twice put in jeopardy for the same offense,' we think the rule is now well settled that, when the verdict is so defective that no judgment can be entered upon it, the defendant, who might have had it corrected when rendered, is considered as consenting to it, and as waiving any objections to being put to answer before another jury."—*State v. Rover,* 10 Nev. 399; *Allen v. State,* 26 Ark. 333; *Murphy v. State,* 7 Caldwell 575.

The jury in this case having failed to designate the grade of the offense of which it found the defendant guilty, the court could not intelligently pronounce judgment, and, in our opinion, the verdict was void. The defendant made no objection to the discharge of the jury. He excepted to the verdict in the usual form, and gave notice of a motion for a new trial; and under the authorities he must be held to have consented to the discharge of the jury.

The general rule is, as stated by counsel, that when a person has been placed on trial on a valid indictment or information, before a court of competent jurisdiction, has been arraigned and has pleaded, and the jury has been empaneled and sworn, he is in

jeopardy, but the author who announces the rule states that the right to object to a second jeopardy may be waived, and that the waiver may be express or implied, and that where a verdict is so defective that no judgment can be entered upon it, the defendant, who might have had it perfected when rendered, is considered as consenting to it and as waiving any objections to being again put upon trial.—17 Am. and Eng. Enc. of Law, page 675.

Our conclusions are that the verdict rendered at the first trial was a nullity; that the court correctly set it aside and correctly overrruled defendant's plea of former jeopardy. The judgment is therefore affirmed.

*Affirmed.*