## BANKS *v.* STATE.

### Opinion delivered March 29, 1920.

1. HOMICIDE—VERDICT.—On an indictment for murder in the first degree, a verdict of "guilty as charged in the indictment," without finding the degree of murder, is fatally defective.

2. CRIMINAL LAW—DEFECTIVE VERDICT.—Where a verdict is so defective that no judgment can be entered on it, the verdict is no bar to a new trial and conviction of the defendant for murder in the first degree on a remand of the case.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

### STATEMENT OF FACTS.

In No. 2411, Alf Banks, Jr., and John Martin were indicted by the grand jury of Phillips County for murder in the first degree. The indictment charged that the defendants on the 1st day of October, 1919, "did unlawfully, wilfully, feloniously and with malice aforethought, and after deliberation and premeditation kill and murder one W. A. Adkins, by shooting him * * * with a certain gun which they * * * then and there had and held in their hands, * * * against the peace and dignity of the State of Arkansas." The indictment charged the crime to have been committed in Phillips County, Arkansas, and is in the usual form of indictments for murder in the first degree.

The defendants pleaded not guilty and were represented at the trial by counsel. A jury trial was had, and the jury returned the following verdict:

"We, the jury, find the defendants, John Martin and Alf Banks, Jr., guilty as charged in the indictment. C. T. McMellon, Foreman."

A sentence of death was pronounced against the defendants, and from the judgment rendered they duly prosecuted an appeal to this court.

The records in No. 2411, *Alf Banks, Jr., and John Martin, Appellants,* v. *State of Arkansas, Appellee;* No. 2412, *Albert Giles and Joe Fox, Appellants,* v. *State of Arkansas, Appellee;* No. 2413, *Will Wordlow, Appellant,* v. *State of Arkansas, Appellee,* and No. 2414, *Ed. Ware, Appellant,* v. *State of Arkansas, Appellee,* are precisely the same, so far as the issue raised by the appeal is concerned. Therefore one opinion will serve in all the cases.

*Scipio A. Jones* and *Murphy & McHaney,* for appellants.

The verdict is so defective that no judgment could lawfully be rendered upon it. Kirby's Digest, § 2409; 26 Ark. 534; *Ib.* 614; *Ib.* 323; 58 *Id.* 233; 71 *Id.* 100.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee; *Robert C. Knox,* of counsel.

The verdict is sufficient to sustain the judgment. 46 Ark. 38; 136 S. W. 144; 14 *Id.* 833; 138 *Id.* 1019; 68 Ill. 271; 100 *Id.* 501; 148 S. W. 580; *Ib.* 789; 11 Tex. 120; 6 Ind. 485; 59 Ark. 267; 65 So. 433; 29 S. E. 381; 50 Ga. 128; 55 *Id.* 128-131; 11 Ind. 213; 1 Abbott 418; 98 N. Y. 537; 50 Pac. 532; 41 So. 702. See, also, 6 Ind. 485; 8 Ind. 344; 94 Am. Dec. 131; 86 Ky. 313; 93 Ind. 1884, and others.

HART, J. (after stating the facts). The only issue raised by the appeal in each of the above cases is, could the court lawfully proceed to judgment and sentence on the verdict? By our statute, murder is divided into two degrees—murder in the first degree, and murder in the second degree. Kirby's Digest, sections 1766 and 1767.

Section 2409 of Kirby's Digest reads as follows:

"The jury shall, in all cases of murder, on conviction of the accused, find by their verdict whether he be guilty of murder in the first or second degree, but if the accused confess his guilt, the court shall empanel a jury

and examine testimony, and the degree of crime shall be found by such jury.''

This provision was enacted in 1838, and has been construed by this court many times. The court has uniformly held that a verdict of conviction in a case of murder, which does not find the degree of murder, is so fatally defective, that no judgment can be entered upon it. *Thompson* v. *State,* 26 Ark. 323; *Allen* v. *State,* 26 Ark. 333; *Trammell* v. *State,* 26 Ark. 534; *Neville* v. *State,* 26 Ark. 614; *Carpenter* v. *State,* 58 Ark. 233, and *Lancaster* v. *State,* 71 Ark. 100. See, also, *Ford* v. *State,* 34 Ark. 649; *Porter* v. *State,* 57 Ark. 267, and *Gilchrist* v. *State,* 100 Ark. 330.

In *Carpenter* v. *State, supra,* it was insisted that the section of the statute above referred to requiring juries in the trial of cases of murder to find the degree of murder was inconsistent with certain sections of the criminal code. The court held that they were not, and in discussing the statute said:

''We are of the opinion that the statute in question is not inconsistent with anything in the code, and, further, that it is not repealed by implication. Besides, it has been so long recognized, acted upon and treated without question or controversy, as the law, and has in fact become so fixed and established as a part of our criminal jurisprudence that we should be loth to dispense with its most excellent use in our criminal practice.''

In *Hembree* v. *State,* decided July 21, 1900, and reported in 58 S. W. 350, we find an opinion *per curiam* as follows:

''The appellant, Lathe Hembree, was indicted for murder in the first degree. On the trial the jury returned the following verdict: 'We, the jury, find the defendant guilty as charged in the indictment. W. M. Palmer, Foreman.' The court entered judgment on this verdict as for murder in the first degree, and sentenced the defendant to be hanged by the neck until dead. Our statute provides that 'the jury shall in all cases of murder on conviction of the accused find by their verdict

whether he be guilty of murder in the first or second degree.' Sandels & Hill's Digest, section 2255. Following this statute, it has been several times decided by this court that a verdict upon an indictment for murder which does not find the degree of murder is so defective that no judgment can be entered upon it. *Thompson* v. *State,* 26 Ark. 323; *Allen* v. *State, Id.* 333; *Trammell* v. *State, Id.* 534; *Neville* v. *State, Id.* 614; *Porter* v. *State,* 57 Ark. 267, 21 S. W. 467. Counsel for defendant have not referred to this point, but as, under the decisions referred to, the verdict is so defective that a judgment cannot be rendered upon it, it therefore follows that the judgment must be reversed, and a new trial ordered."

This case is referred to in 68 Ark., p. 621, as reversed and remanded in the list of opinions not reported. The fact that the case was not to be officially reported and that the court reversed the judgment on its own motion, without the question having been raised by the defendant, shows how thoroughly the question has been considered settled by this court.

The statute was enacted shortly after Arkansas was admitted into the Union and has been uniformly construed by the court to be mandatory.

In Bishop's New Criminal Procedure (2 ed.), vol. 3, sec. 595, p. 1585, in discussing our own and similar statutes the learned author said:

"That the verdict is imperfect and void, when silent as to the degree, is the doctrine of the great majority of the authorities, and probably the most in harmony with the reason of the thing; namely, that the Legislature intended this provision to be mandatory to make sure of the jury's taking into their special consideration the distinguishing features of the degrees, and passing thereon. Therefore, if the verdict fails to state on its face the degree, the court cannot give judgment on it, but must award a second trial."

To the same effect see Wharton on Criminal Law (11 Ed.), vol. 1, sec. 676; Mitchie on Homicide, vol. 2, pp. 1744-1747; Wharton on Homicide, sec. 652, pp. 1041 and

1042; 13 R. C. L., sec. 87, p. 782, and sec. 195, p. 890; 12 Cyc. 696-7 and 21 Cyc. 1084. Numerous decisions from different States are cited by each of these authors which support the rule. There are authorities to the contrary which are cited by the Attorney General in his brief; but they are contrary to the great weight of authority and to the uniform current of our own decisions.

The statute expressly requires the jury to ascertain the degree in all cases of murder. Its terms are imperative. The court has uniformly construed it to be mandatory, and as before stated it has become a fixed part of our criminal jurisprudence. It is the duty of courts to enforce legislative provisions when the Legislature acts within constitutional limits; and a departure by the courts from imperative rules established by the Legislature for the protection of all in order to meet the exigencies of particular cases is an evil not to be thought of, let alone to be acted upon.

It is well settled in this State, however, that when a verdict is so defective that no judgment can be entered upon it, the verdict is no bar to a new trial and conviction of the defendant for murder in the first degree upon a remand of the case. *Allen* v. *State,* 26 Ark. 333, and *Ford* v. *State,* 34 Ark. 649.

It therefore follows that the judgment must be reversed and the cause remanded for a new trial.