WELLS *v.* STATE.

4-4022

Opinion delivered April 29, 1937.

*J. R. Long,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

McHANEY, J. Appellant was indicted on November 16, 1936, charged with murder in the first degree for the killing of one Henry Shaw by administering to him strychnine poisoning on September 7, 1936. On November 17, 1936, at his request, the time for arraignment was waived, and he was arraigned and entered his plea of guilty to the charge. A jury was impaneled, sworn, and the cause submitted to it on the evidence adduced, the guilty plea, the instructions of the court, and the argument of counsel. Whereupon the following verdict was rendered: "We, the jury, find the defendant guilty and

fix his punishment at death." On this verdict, judgment was entered sentencing him to death by electrocution. The case is here on appeal.

For a reversal of the judgment, counsel for appellant argue that there is no evidence in the record to show that deceased died of strychnine poisoning. We have carefully considered the testimony and find it amply sufficient. While it is true that there were no objections or exceptions to any of the proceedings or testimony and no motion for a new trial, we are not precluded from an examination of the record for error apparent on its face and we have done so.

Section 3205 of Crawford & Moses' Digest reads as follows: "The jury shall, in all cases of murder, on conviction of the accused, find by their verdict whether he be guilty of murder in the first or second degree; but if the accused confess his guilt, the court shall empanel a jury and examine testimony, and the degree of crime shall be found by such jury." It was under the authority of this statute that the court attempted to proceed in this case. At the conclusion of the evidence offered by the state, there being no evidence for the defendant, the court instructed the jury as follows: "The defendant in this case has entered his plea of guilty to the charge against him in the indictment; that is, of murder in the first degree. The law provides in such cases that the jury shall be empaneled to assess his punishment.

"The question for you to determine in this case is that of the punishment to be imposed. The law provides that the punishment in such cases shall be death or life imprisonment in the penitentiary."

"You have heard the testimony of the witnesses relating the facts and circumstances in connection with the case, and it is your duty now to retire and fix the punishment."

While it is true that appellant was indicted for murder in the first degree by poisoning which, under the statute is made murder in the first degree, § 2343, Crawford & Moses' Digest, still the instruction above set out was error under said § 3205, above quoted, and the verdict

of the jury was bad in that it failed to find the degree of the crime. By § 3205, "But if the accused confess his guilt, the court shall empanel a jury and examine testimony, and the degree of crime shall be found by such jury," the court's instruction would not leave it to the jury to find the degree of the crime. After telling the jury that the defendant had entered his plea of guilty to murder in the first degree, the court told the jury that it was "empaneled to assess the punishment." And again that the only question for them to determine was "that of the punishment to be imposed." And again he told the jury that it was their "duty now to retire and fix the punishment." The statute provides that "the degree of crime shall be found by such jury," not merely to fix the punishment or assess the punishment. The instructions in effect told the jury that the defendant was guilty of murder in the first degree and that they could fix his punishment either at death by electrocution or life imprisonment. This was error. The verdict of the jury was defective in that it failed to find the degree of the crime. In the case of *Lancaster v. State,* 71 Ark. 100, 71 S. W. 251, this court, referring to the statute which is now § 3205 of Crawford & Moses' Digest, said: "This statute was no doubt overlooked by the circuit judge, for under it this court has several times decided that a verdict upon an indictment for murder which does not find the degree of murder is so defective that no judgment can be entered upon it. *Porter v. State,* 57 Ark. 267, 21 S. W. 467, and cases cited. The statute, it will be seen, requires that there should be a special finding of the degree of murder by a jury, even though the defendant confess his guilt." See, also, *Thompson v. State,* 26 Ark. 323; *Trammel v. State,* 26 Ark. 534; *Allen v. State,* 26 Ark. 333; *Neville v. State,* 26 Ark. 614; *Banks v. State,* 143 Ark. 154, 219 S. W. 1015. In *Hembree v. State,* 68 Ark. 621, 58 S. W. 350, the judgment was reversed for the same reason, that the jury failed to find the degree of the crime, without the question having been raised by counsel on appeal to this court. It was reversed on the court's own motion, and the fact that this opinion was not officially

reported shows how·thoroughly the question is considered settled by this court. As said in the Banks case, *supra*, "The statute was enacted shortly after Arkansas was admitted into the Union and has been uniformly construed by the court to be mandatory." So in this case, the error in the instructions and the defectiveness of the verdict have not been raised by appellant, but we do so of our own motion because the instructions given were erroneous and the verdict rendered so defective that no valid judgment could be rendered thereon.

For these reason the judgment will be reversed, and the cause remanded for a new trial.