RORIE v. STATE.

4559                          220 S. W. 2d 421

Opinion delivered May 9, 1949.

Rehearing denied June 6, 1949.

*Lawrence E. Dawson,* for appellant.

*Ike Murry, Attorney General* and *Jeff Duty, Assistant Attorney General,* for appellee.

Ed. F. McFADDIN, Justice. On a plea of guilty, the jury convicted the appellant of murder in the first degree, and assessed the death punishment; and this appeal is an effort to obtain a reduction in the sentence.

The facts are sordid. Appellant had been estranged from his wife, Mrs. Gertrude Rorie. On the night of October 8, 1948, he went.to her home when she was alone with her two small children. When she refused to become reconciled with him, he struck her on the head with a hammer, and either killed her or knocked her unconscious. Then he sprinkled kerosene over the bed where she and her two sleeping children were lying. He set fire to the bed and departed. The children were Frankie Maupin, aged 11, and Joyce Maupin, aged 9, being stepchildren of appellant. As he left the premises he heard the children scream; as he reached his truck a few hundred feet away, he saw the entire house in flames: but he drove to his home and retired for the night. Mrs. Rorie and her two children were burned to death. Only the skulls and bones remained the next morning after the fire, but these were properly identified.

Appellant was arrested on the morning of October 9th. He promptly confessed, and .gave the .officers his clothes and the hammer, all of which showed human blood stains. He identified the container from which he had poured the kerosene. In short, his confession was freely made, and amply corroborated. He was tried on information which charged him with murder in the first de-

gree for the killing of the two children, done while he was perpetrating the crime of arson. Appellant duly entered his plea of guilty, and the Circuit Court empaneled a jury to examine the testimony and find the degree of the crime and fix the punishment. The learned Circuit Court followed the statutes and our cases covering such a situation. See §§ 4041-2, Pope's Digest (§§ 43-2152 and 43-2153, Ark. Stats. of 1947), and these cases: Lancaster v. State, 71 Ark. 100, 71 S. W. 251; Wells v. State, 193 Ark. 1092, 104 S. W. 2d 451; Ray v. State, 194 Ark. 1155,[1] 109 S. W. 2d 954; Carson v. State, 198 Ark. 112, 128 S. W. 2d 373; and Jones v. State, 204 Ark. 61, 161 S. W. 2d 173.

The cause was tried to the jury just as though the defendant had pleaded not guilty. Every essential fact of the crime was established. The jury was instructed on the degrees of murder and the discretion as to the

[1] Not reported in full in the Arkansas Reports.

punishment. The verdict is in the form required by law. It reads: "We, the jury, find the defendant guilty of the crime of murder in the first degree as charged in the information and fix his punishment at death in the electric chair."

In capital cases we not only consider each assignment, but we also examine the transcript for each objection made by appellant, See § 4257, Pope's Digest, (§ 43-2723, Ark. Stats. of 1947), and see, also, Bates v. State, 210 Ark. 1014, 198 S. W. 2d 850.

After having studied all of the assignments and all of the objections, we specifically hold:

1. The motion for continuance was properly refused.

2. There was no error in the Court's ruling relative to the opening statement of the prosecuting attorney.

3. The evidence is sufficient to sustain the verdict.

4. The trial court ruled correctly on each of the eight objections relating to the admissibility of evidence.

5.   Each of the nine instructions given by the Court was correct, and—together with one unnumbered instruction—they covered all phases of the case.

6.   The Court ruled correctly in refusing each of the nine instructions requested by appellant, since such requested instructions were either incorrect, or had been covered by correct instructions given.

7.   In addition, the record reflects that shortly after the arrest, the trial court on its own motion had appellant's sanity ascertained.

In the brief the attorney for appellant makes a strenuous argument against capital punishment.   Our statutes (§ 4042, Pope's Digest, § 43-2153, Ark. Stats. of 1947) allow the jury to assess the death penalty; and the amending of the statutory law is a matter for the Legislature, rather than the Courts.

Finally, appellant's counsel asks this Court to "exercise its constitutional power and reduce the death sentence to life imprisonment."   Among other cases, we are cited to Blake v. State, 186 Ark. 77, 52 S. W. 2d 644, in which case this Court modified the judgment from the death sentence to imprisonment.   When this Court finds that the evidence is insufficient to support the punishment assessed, then we have the power to modify the punishment.   Our cases clearly reflect, however, that this modification is done, not on a basis of judicial clemency, but only in a case in which the evidence would not sustain the higher punishment assessed.   In the case at bar we find the evidence sufficient to support the jury verdict.

Therefore, the judgment is affirmed.