WALTON *v*. STATE.

5001                              366 S. W. 2d 707

Opinion delivered April 15, 1963.

*Johnson & Johnson* and *John C. Finley,* for appellant.

*Bruce Bennett,* Attorney General, by *Leslie Evitts,* Chief Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J. The appellant was charged with first degree murder. At the first trial he pleaded guilty and was sentenced to death. We reversed that conviction for an error in the instructions to the jury. *Walton* v. *State,* 232 Ark. 86, 334 S. W. 2d 657. At the second trial, after the plea had been changed to not guilty, the appellant was again convicted and sentenced to death. We affirmed that conviction. *Walton* v. *State,* 233 Ark. 999, 350 S. W. 2d 302.

The Supreme Court of the United States, reviewing our second decision by certiorari, vacated our judgment and remanded the case for further consideration in the light of *Hamilton* v. *Alabama,* 368 U. S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157, which was decided after we had affirmed the case upon the second appeal. *Walton* v. *Arkansas,* 371 U. S. 28, 9 L. Ed. 2d 9, 83 S. Ct. 9.

In the *Hamilton* case the court reversed a capital conviction on the ground that the accused did not have the assistance of counsel at the arraignment. When the case at bar was returned to us for reconsideration the

record did not completely reflect everything that occurred at Walton's arraignment on June 22, 1959. We therefore reinvested the trial court with jurisdiction, so that the deficiency might be supplied. We now have the complete record.

The homicide occurred during the night of June 19, 1959. Walton was arrested the next morning and signed a written confession on June 21. The information, charging first degree murder, was filed on June 22. On that morning Walton was brought into the courtroom at the county seat. The court reporter's record of the proceedings recites the presence of the circuit judge, the prosecuting attorney, the circuit clerk, the accused, the sheriff, and a member of the State Police Department.

The information and the warrant of arrest were read to the accused. In reply to questions by the court Walton stated that he was not financially able to employ counsel. The court indicated that he would appoint attorneys for Walton and would not permit him to plead to the charge until he had talked with his counsel. The record then continues:

"The Court: (To Prosecuting Attorney) Do you have any questions to ask the defendant, Mr. Spencer?

"Mr. Spencer: Yes. (To defendant) Did you make a statement to the State Police at Texarkana?

"The Defendant: I made one to Mr. Thrash yesterday.

"Mr. Spencer: Is this your signature — 'Edward Walton, Jr.'?

"The Defendant: Yes, sir.

"Mr. Spencer: I want to ask you, did you make that statement freely and voluntarily?

"The Defendant: Yes, sir.

"Mr. Spencer: You weren't threatened or promised anything to make the statement, were you?

"The Defendant: No, sir, they were very nice.

"Mr. Spencer: It's your own free and voluntary statement?

"The Defendant: Yes, sir.

"Mr. Spencer: I would like to introduce it as Exhibit No. 1 to his arraignment.

"The Court: I will leave it in the custody of the court reporter, with your permission, and it will be a judicial confession. (To defendant) This is a statement you made to the officers yesterday?

"The Defendant: Yes.

"The Court: Is it a true confession—

"The Defendant: Yes, sir.

"The Court: —given of your own free will and accord?

"The Defendant: Yes, sir.

"The Court: No attempt was made to influence you to make it? They didn't beg you to make it, or promise you any reward if you would make the statement, did they?

"The Defendant: No, sir.

"The Court: It was a free and voluntary statement?

"The Defendant: Yes, sir.

"The Court: And it is a correct statement?

"The Defendant: Yes, sir."

At the second trial, now under review, the court reporter was called as a witness for the State and was permitted to read to the jury the questions and answers that we have just quoted. Counsel for the accused objected on the ground, among others, that the testimony violated the rights of the defendant under the Fourteenth Amendment to the Constitution of the United States. The specific point now before us was not argued in the original briefs, as *Hamilton* v. *Alabama* had not

yet been decided, but under our practice in capital cases a timely objection in the trial court is all that is required to preserve a point for review. *Rorie* v. *State,* 215 Ark. 282, 220 S. W. 2d 421.

We have concluded that the judgment must be reversed. In *Hamilton* v. *Alabama* the court reasoned that Hamilton was entitled to counsel at the arraignment, because under the law of Alabama substantial rights are lost if not asserted at that time. Hence the question here is whether Walton suffered the loss of a substantial right by not having an attorney at the proceeding on June 22.

This question must be answered in the affirmative. The circuit judge was careful not to permit Walton to plead to the information until he had conferred with his attorneys, but the admissions that were elicited by the prosecuting attorney may well have been as damaging as a plea of guilty. It cannot be doubted that Walton's insistence to the trial jury that his written confession had been involuntary was seriously weakened by the narrative of what happened in the courtroom on the morning of June 22. If Walton had been represented by counsel, as was his right after the case reached the courts, his attorney would certainly have warned him that he was not compelled to answer any questions with reference to the voluntary character of his confession. We are fully convinced that, in the light of the decision in *Hamilton* v. *Alabama,* the court reporter's testimony was inadmissible and prejudicial, entitling the appellant to a new trial.

Reversed.

HOLT, J., disqualified.