### SANDLIN *v.* BAILEY.

#### Opinion delivered November 8, 1920.

1. APPEAL AND ERROR—OBJECTION TO AMBIGUOUS INSTRUCTION.—To an instruction that is ambiguous, and that might have been understood as assuming a certain fact, a general objection is insufficient, as objections to ambiguous instructions must be specific, so as to give the trial court an opportunity to correct the instructions by eliminating the ambiguity.

2. LANDLORD AND TENANT—WRONGFUL TAKING—EVIDENCE.—In an action for damages for the wrongful taking and cultivation of land, a finding that the land had been taken and cultivated by defendant by authority, and that he had tendered to plaintiff the proper share of the crop, *held* sustained by evidence.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*R. F. Sandlin,* for appellant.

The maxim, "As one binds himself so shall he be bound," should be upheld in this case. Appellee read the contract, and he is bound by it—hardship or inconvenience does not excuse performance of a contract. 61 Ark. 315; 93 *Id.* 452; 9 Cyc. 627; 162 S. W. 946; Cent. Dict. "Contract," § 152. The court erred in instruction No. 4. It is in conflict with No. 2. Appellee says he could have performed the contract, and the facts are not disputed; the court should have directed a verdict. 104 Ark. 267. It is error to instruct a jury on an issue where there is no evidence to support it. 86 Ark. 127; 79 *Id.* 109; 153 S. W. 928; Cent. Dig., "Trial," §§ 505, 596, 612; Dec. Dig., § 352. Our first instruction was correct, and was tantamount to a specific objection. 118 Ark. 262. The verdict is contrary to the law and the evidence. The

case is fully developed, and this court should direct judgment for appellant for $162.

McCulloch, C. J. Appellant, Mrs. Ella Sandlin, owns a farm in Yell County, and entered into a written contract with appellee whereby the latter agreed to clear up ten acres of the land ready for the plow for the sum and price of $55 to be paid by appellant and to cultivate the same in corn and to deliver appellant one-third of the crop for the use of the premises. The contract also specified that appellee should have the use of the house on an adjoining tract owned by appellant in another section.

This is an action instituted by appellant against appellee to recover damages for breach of said contract, it being alleged that appellee failed to clear up the land in accordance with the terms of the contract or to cultivate it as agreed upon. It is also alleged that appellant, without authority, cultivated one and one-half acres of land near the house in another section, not covered by the contract, and this action is to recover the rental value of the land so taken and cultivated. The case was tried before a jury, and the verdict was in favor of appellee.

Appellee introduced proof tending to show that he was prevented, on account of high water, from clearing the land according to the contract, and that the high water prevented the cultivation of the crop on the land. The court submitted the issues to the jury on instructions which told the jury, in substance, that if appellee failed to clear the land in accordance with the terms of the contract he would be liable to appellant for the difference between the price agreed upon for doing the work and what it would cost appellant to have it done by some one else; and that appellant would be also entitled as damages for a reasonable rental value of the land for that year as if it had been cleared and put in cultivation in accordance with the terms of the contract.

Objection was made to the following instruction given at the instance of appellee:

"If you find from the testimony in this case, gentlemen, that the plaintiff is entitled to recover, that is, if you find they entered into a contract whereby he agreed to do this work, and failed to do it, then the measure of plaintiff's damages would be what would have been the reasonable rental value of that land for the year 1919, if he had been permitted to have put it in; not what it might have been some other year, but, under all the conditions last year, what it would have reasonably been worth. In addition to that she would be entitled to recover whatever additional amount more than the $55 which she agreed to pay him. In other words, gentlemen, if he agreed to clear it up for $55, then if it would take more than that to clear it up now, she would be entitled to that much in addition as her measure of damage."

It is argued that the language of this instruction constituted an assumption by the court of the fact that appellee was prevented by high water or other causes from putting the land in cultivation. The part of the instruction which constituted such an assumption, according to the contention of counsel for appellant, is as follows: "If he had been permitted to have put it in." This language does not constitute a direct assumption of the fact that the land could not have been cultivated on account of the high water or any other cause. The most that can be said in criticism of the use of this language is that it is ambiguous and might have been understood as an assumption of the fact mentioned. There was, however, only a general objection to the instruction, and that was not sufficient to raise the point now argued. It has become a well-settled rule of this court that objections to ambiguous instructions must be specific, so as to give the trial court an opportunity to correct the instruction by eliminating the ambiguity.

There was a sharp conflict in the testimony with reference to the cultivation of the small patch of ground near the house occupied by appellee and which was not embraced in the contract. The testimony adduced by appellant tended to show that appellee took this small patch of ground and cultivated it without her consent or without authority and that the reasonable rental value was $15. Appellee testified that he obtained this small patch from Rushing, another tenant, who had rented it from appellant on the share and that he had planted it mostly in peanuts and had a few hills of watermelons and three or four rows of popcorn and a small garden. He testified also that when he gathered the peanuts he left the landlord's share on the ground for delivery.

The court submitted the question to the jury whether or not appellee had taken and cultivated the land by authority or whether his occupancy of the land was wrongful and also submitted the question whether or not appellee had tendered to appellant the proper share of the crop. There was enough evidence to sustain the finding of the jury on this as well as the other issues in the case. The testimony does not show that the watermelons raised on the few hills and popcorn were of any appreciable value, therefore the jury had the right to find from the testimony that the tender of the third of the peanut crop was a substantial performance of the contract.

Upon the whole we do not find any prejudicial error in the record, and the judgment is therefore affirmed.