GREENE v. STATE.

Opinion delivered November 30, 1908.

1.  CRIMINAL LAW—PLEA OF GUILTY—ENTRY OF JUDGMENT AT SUBSEQUENT TERM.—Upon a plea of guilty entered at one term of court, judgment may be entered at a subsequent term of the court. (Page 291.)

2.  SAME—RIGHT TO WITHDRAW PLEA OF GUILTY.—Where one accused of selling liquor illegally entered a plea of guilty in the circuit court under an agreement with the prosecuting attorney that no fine should ever be assessed against him in the case unless he should again be convicted of violating the liquor laws of the State, and he was subsequently convicted of violating the liquor laws before a justice of the peace, and appealed therefrom to the circuit court, whereupon the prosecuting attorney asked that judgment be entered against him on his plea, it was not an abuse of the trial court's discretion to refuse to permit him to withdraw his plea of guilty and substitute a plea of not guilty. (Page 291.)

3.  SAME—TIME OF RENDITION OF JUDGMENT.—Where one accused of selling liquor illegally entered a plea of guilty under agreement with the prosecuting attorney that no fine should be assessed against him unless he should again be convicted of violating the liquor laws, and he was convicted of such crime before a justice of the peace and appealed to the circuit court, it was not error to render judgment on his plea of guilty without awaiting the final determination of his appeal. (Page 292.)

Appeal from Greene Circuit Court; *Frank Smith*, Judge; affirmed.

*W. W. Bandy*, for appellant.

*William F. Kirby*, Attorney General and *Daniel Taylor*, Assistant, for appellee.

Sentence may be pronounced on a plea of guilty at a subsequent term, and courts may suspend sentence during good behavior and, upon his subsequent arrest for another crime, may pronounce judgment in the case to which he has pleaded guilty or of which he has been found guilty. 54 Ark. 120; 31 Hun, 382.

HART, J. On the 11th day of February, 1908, during the February term of the Greene Circuit Court, R. J. Greene was under indictment, charged with the illegal sale of intoxicating liquors, and the following order of court (caption omitted) was entered of record:

"On this day comes the State of Arkansas by her attorney, L. C. Going, and the defendant, R. J. Greene by his attorney, S.

R. Simpson, and the defendant by leave of the court enters a plea of guilty, and this cause is continued."

On the third day of April, 1908, being a day of an adjourned term of the February term, 1908, of said court, the court of its own motion set aside the order of continuance and assessed the punishment of Greene at a fine of five hundred dollars. Judgment was entered accordingly.

The facts under which this was done as detailed by Greene himself are as follows:

At the regular February term, 1908, of the court, Greene, being under indictment charged with the illegal sale of intoxicating liquors in three cases, made a compromise with the prosecuting attorney. He entered a plea of guilty in three cases upon condition that he should pay a fine of $500 in one case, and that no fine should ever be assessed against him in the other two cases unless he again should be convicted of violating the liquor laws of the State.

Since the regular and before the adjourned term, 1908, of the circuit court, he was arrested and convicted before a justice of the peace court for the offense of illegal sale of intoxicating liquors. He took an appeal to the circuit court, and the appeal was pending at the time the proceedings above set forth were had. Greene asked leave to withdraw his plea of guilty, which was by the court denied, and his punishment fixed as aforesaid. Greene has duly prosecuted his appeal to this court.

In this case, the judgment was entered at an adjourned term of the court, the plea of guilty having been entered at the regular term. In the case of *Thurman* v. *State,* 54 Ark. 120, it was held that the statute does not require that the sentence shall be pronounced and judgment entered at the same term at which a plea of guilty is entered, and that the entry of the judgment at a subsequent term does not alter or conflict with anything done by the court at the previous term. It follows, therefore, that there was no error in the mere act of entering judgment at the adjourned term.

Section 2296 of Kirby's Digest provides that at any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted.

The sole question raised by this appeal is, did the court abuse

its discretion in not permitting Greene to withdraw his plea of guilty and to substatute a plea of not guilty? Subsequent to the date of his entering his plea of guilty, and before sentence was pronounced, appellant was again convicted of the illegal sale of intoxicating liquors. True, he has appealed from the judgment, but the conviction was had before a court of competent jurisdiction. That was sufficient. We do not think the trial court owed him any duty to await the final determination of his appeal; nor that the prosecuting attorney acted in bad faith toward him.

Finding no error in the proceedings below, the judgment is affirmed.