JOINER v. STATE.

Opinion delivered March 14, 1910.

1. CRIMINAL LAW—PLEA OF GUILTY—ENTRY OF JUDGMENT AT SUBSEQUENT TERM.—Upon a plea of guilty entered at one term of court judgment may be entered at a subsequent term. (Page 199.)

2. SAME—CONDITIONAL PLEA.—There is no statutory authority for a plea of guilty to be entered and received on any kind of condition, or for judgment to be suspended on condition. (Page 199.)

3. SAME—RIGHT TO WITHDRAW PLEA.—Whether a plea of guilty in a criminal case can be withdrawn and a plea of not guilty entered is within the discretion of the trial court, the exercise of which will not be disturbed on appeal unless it clearly appears to have been abused. (Page 199.)

Appeal from Mississippi Circuit Court; *Frank Smith,* Judge; affirmed.

*Going & Brinkerhoff,* for appellant.

*Hal L. Norwood,* Attorney General, for appellee.

McCULLOCH, C. J. Four indictments were returned by the grand jury of Mississippi County against appellant for violation of the laws against the clandestine sale of intoxicating liquors. He entered a plea of guilty in each case at the May term, 1908, of the circuit court, and the court, without rendering judgment on said pleas of guilty, made an order continuing each case for the term. In each case the order of the court reads as follows: "Comes the State of Arkansas by her attorney, L. C. Going, and the defendant in person and by his attorney, and, after having the nature of the indictment, plea and effect thereof explained to him by the court, defendant elects to enter a plea of guilty to selling liquor without license as charged in the indictment, and this cause is continued."

At the December term, 1909, judgment still not having been rendered in said cases, the prosecuting attorney moved the court to render judgments in accordance with the pleas of guilty, which motion appellant resisted on the alleged ground that "he entered pleas of guilty thereto with the understanding that sentence should not be pronounced against him unless after the date at which said adjustment was made he should engage in the sale of intoxicating liquors without license, or unlawfully sell or give away, or be interested in the sale of ardent, vinous, malt, fermented and intoxicating liquors in Mississippi County,

Arkansas," and that "since the date of said compromise and adjustment he has not sold or given away or been interested in the sale or giving away of ardent, vinous, malt, fermented and intoxicating liquors in the county."

The trial judge heard testimony on the question whether or not appellant had violated the law with reference to the sale of intoxicating liquors since he entered the pleas of guilty, and announced his conclusion that he was convinced that appellant had again violated the law in that respect, and the court then rendered judgment on each of the pleas of guilty, assessing penalties, etc. Appellant brings the case here by appeal. He insists that the pleas of guilty were entered on the conditions named above, and that the court erred in finding that the pleas were not entered on condition and in finding that he had violated the law since he entered the pleas.

The judgment could be rendered at a term of court subsequent to that at which the pleas of guilty were entered. *Thurman* v. *State,* 54 Ark. 120; *Greene* v. *State,* 88 Ark. 290.

The record made by the clerk at the time showed that the pleas of guilty were entered unconditionally. There is no statutory authority for a plea of guilty to be entered and received on any kind of condition, or for judgment to be suspended on condition; but the court may at any time before judgment permit a plea of guilty to be withdrawn. Kirby's Dig., § 2296. Whether or not the plea could be withdrawn and a plea of not guilty substituted is a matter of discretion with the trial judge, and the exercise of that discretion will not be disturbed unless it clearly appears to have been abused. *Greene* v. *State, supra.* If he had found that appellant's pleas of guilty were entered on conditions which had not been violated, it would have been the duty of the learned trial judge either to further postpone rendering judgment or permit appellant to withdraw his pleas of guilty; and, judging from his remarks at the time he rendered the judgments, this is the view of the matter which he doubtless entertained. He stated that, while the pleas of guilty were entered without condition, there was an implied understanding that the court, in the exercise of its discretion, would not render judgments thereon unless appellant subsequently violated the liquor laws, but that he was satisfied beyond a doubt that ap-

pellant had again violated the law in that respect. We are of the opinion that the evidence justified the conclusion reached by the trial judge that appellant had again violated the liquor law. At least, we are unable to say from the evidence in the record that there has been an abuse of discretion which would justify us in disturbing the finding of the lower court.

Affirmed.