Cox *v.* State.

Opinion delivered September 28, 1914.

1.  CRIMINAL LAW—RIGHT TO WITHDRAW PLEA OF GUILTY.—Where defendant voluntarily and without improper influence entered a plea of guilty, it is within the discretion of the trial court, at a later term, to allow defendant to withdraw that plea or to refuse to do so, and that discretion is not abused, where the court under these facts, refuses to permit the withdrawal of the plea of guilty.

2. CRIMINAL PROCEDURE—JUDGMENT AT SUBSEQUENT TERM.—Sentence
   may be pronounced on a plea of guilty at a term subsequent to that
   at which the plea was entered.

Appeal from Greene Circuit Court; *W. J. Driver,*
Judge; affirmed.

### STATEMENT BY THE COURT.

The appellant was indicted at the December, 1912,
term of the Greene Circuit Court for assault with intent
to kill. He entered his plea of guilty, and the cause was
continued until the December, 1913, term of the court. At
that term the prosecuting attorney asked that the appel-
lant be sentenced. The appellant thereupon filed the fol-
lowing petition:

"Comes the defendant and moves the court to set
aside the plea of guilty heretofore entered by defendant
in this cause, and says that he had no attorney at the time
of the agreement to enter said plea, and that he was not
able to employ an attorney; that he was called and forced
to go to trial, and that on account of his inability to pro-
cure the aid of an attorney, and on account of his own in-
ability to attend said trial, he entered his said plea.

"That he was not in fact guilty of an assault to kill,
as charged in the indictment then pending against him,
and that he was not advised, and did not know the full
consequences of his said plea.

"That the witnesses to the fight for which he was in-
dicted are within the jurisdiction of this court, and that
they may be had upon usual process. Defendant says
that he was justified in striking Ben Bowlin in his neces-
sary self-defense, and that a trial of said cause will dis-
close.

"Wherefore, he prays that he may be permitted to
withdraw his plea of guilty, and enter his plea of not
guilty, and have a trial before a jury, and for all other
proper and legal relief."

The court heard testimony on behalf of the appel-
lant to sustain his motion, to the effect that he had en-
deavored to employ an attorney, but did not succeed be-
cause he was unable to pay the fee. He entered his plea

because he was mad, and did not have any one to assist him. He testified that the attorney whom he endeavored to employ advised him that he was not guilty, and that he could be cleared before a jury, and that he was advised to enter a plea, and the matter would be dropped.

The attorney to whom he had spoken testified that the appellant was unable to pay him the fee that he charged, and that he was not employed because the father of appellant was not willing to indorse the note for appellant to obtain the money, and that the appellant "became mad because his father had thus deserted him and walked up in a spirit of anger and pleaded guilty."

This attorney testified further that the court advised appellant at the time he entered his plea that at any time thereafter the court saw fit, the court could have appellant arraigned and sentence him to the penitentiary on his plea of guilty, from one to twenty-one years.

Appellant also, concerning this, testified as follows: "I did not know the result of entering the plea. It is true Judge Driver, who was on the bench, did tell me something in substance about what would be the result," and, on cross-examination, "I understood what Judge Driver said, but I was not thinking about that; I was mad and worried."

There was much other incompetent and irrelevant testimony heard by the trial court, to the effect that since appellant entered his plea of guilty, he had committed various misdemeanors, and also other testimony to the effect that appellant, since he entered his plea, had worked on a farm and made a good farm hand.

The court denied appellant's petition to set aside his former plea of guilty, and granted the prosecuting attorney's motion to have appellant sentenced, and the court thereupon sentenced the appellant to twenty-one years in the State penitentiary, and this appeal has been duly prosecuted.

No brief for appellant.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

WOOD, J., (after stating the facts). The court did not err in overruling the appellant's motion to set aside his plea of guilty entered at a former term of the court, and in sentencing appellant upon such plea. The appellant was twenty-four years of age. He was advised by the court of the legal consequences of such plea.

(1) The statute provides for the appointment of counsel upon the request of one who has been indicted for a felony where he is unable to employ any. Kirby's Digest, § 2273. Appellant made no request for the court to appoint counsel to defend him. On his motion to set aside the plea of guilty, he did not offer to introduce any testimony that tended to prove that he was not guilty of the crime charged, and his testimony was not sufficient to show that he was induced to enter a plea of guilty under a misapprehension of the facts. His plea of guilty was entered voluntarily, and there is nothing in the record to show that the plea was improperly entered. It was within the discretion of the court, under the evidence adduced, to allow appellant to withdraw his plea of guilty entered at a former term, or to refuse to allow him to do so. There was no abuse of the court's discretion. *Joiner* v. *State,* 94 Ark. 198.

(2) This court has held that sentence may be pronounced on a plea of guilty at a term subsequent to that at which the plea was entered. *Thurman* v. *State,* 54 Ark. 120; *Greene* v. *State,* 88 Ark. 290; *Joiner* v. *State,* 94 Ark. 198; *State* v. *Wright,* 96 Ark. 203; *Barwick* v. *State,* 107 Ark. 115.

The judgment is affirmed.