## DUNCAN v. STATE.

### Opinion delivered July 3, 1916.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—DISCRETION OF COURT.—It is within the discretion of the trial court to refuse to permit a defendant to withdraw his plea of guilty and to substitute a plea of not guilty.

2. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY.—Where defendant is charged with a misdemeanor, his plea of guilty before a justice of the peace, is an admission of his guilt, and unless it is withdrawn by leave of the court, the State is entitled to have sentence passed.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*J. M. Prewett,* for appellant.

1. The information is defective in that it does not describe or show how the defendant committed the offense. It does not charge any offense in law or in substance or in the language of any statute. By the plea of guilty, defendant only confesses himself guilty in manner and form as charged, and if the information charges no offense against the law none is confessed and on appeal may attack the information for the first time. 12 Ark. 170; 13 *Id.* 752; 16 *Id.* 333.

2. On the facts, the plea of guilty was conditional and the condition was not complied with.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. The facts alleged in the information constitute an offense. Kirby's Digest, §§ 2228, 2243, 2053, 6388-2; 103 Ark. 438; 86 *Id.* 436; 94 *Id.* 207; 85 *Id.* 396.

2. On the facts the lower court properly overruled the motion to vacate the judgment. 94 Ark. 198; 88 *Id.* 290.

HART, J. On January 3, 1916, Will Duncan was arrested upon warrants issued by a justice of the peace upon informations filed by the deputy prosecuting attorney. He was placed in jail and on the next day was brought before the justice of the peace and entered his plea of guilty in five separate misdemeanor cases. He was charged with running a disorderly house, with Sabbath breaking, with running a blind tiger and in two cases with gaming. Judgments were entered upon his pleas of guilty.

On January 6, 1916, Duncan prayed and was granted an appeal in each case to the circuit court. At the next term of the circuit court the prosecuting attorney filed a motion to dismiss the appeal of the defendant in each case.

On the part of the State it was shown by the justice of the peace that Will Duncan entered his plea of guilty in five misdemeanor cases before him and that judgment was rendered against him in each case. The justice stated that he made no offer whatever of compromise to the defendant and that the pleas of guilty were voluntarily entered by the defendant and were unconditional. His testimony was corroborated by the testimony of the deputy prosecuting attorney.

The defendant testified for himself as follows: Nine cases were pending against me before the justice of the peace. Five of them were misdemeanors and the rest were felonies. They took me out of jail and brought me before the justice of the peace. They asked me several times how much money I had and I told them $75.00. They asked me if I would waive examination in the felony cases and plead guilty in the misdemeanor cases. I

understood they were to let me off in the misdemeanor cases upon the payment of the $75.00 and with that understanding I entered a plea of guilty in each case.

Both the justice of the peace and the prosecuting attorney denied that they made any offer of compromise whatever to the defendant or offered to let him off upon the payment of $75.00.

The circuit court dismissed the appeal of the defendant. From the judgment rendered the defendant has appealed to this court.

(1) It is within the discretion of the trial court to refuse to permit a defendant to withdraw his plea of guilty and to substitute a plea of not guilty. *Greene* v. *State*, 88 Ark. 290.

Under the testimony of the justice of the peace and the deputy prosecuting attorney there would be no abuse of discretion in the trial court refusing to allow him to withdraw his plea of guilty. *Greene* v. *State, supra*, and *Barwick* v. *State*, 107 Ark. 115. Moreover the informations filed by the deputy prosecuting attorney against the defendant were in the general language of the statute and were sufficient to apprise him of the nature of the accusations made against him. Nothing more than that is required upon a charge of a statutory misdemeanor.

(2) The defendant's plea of guilty before the justice of the peace was an admission of his guilt and unless it was withdrawn by leave of the court, the State was entitled to have sentence passed. *Stokes* v. *State*, 122 Ark. 56; 182 S. W. 521. Under the authority just cited, the circuit court was right in dismissing the appeal of the defendant.

The judgment will therefore be affirmed.