BOHANNON v. STATE.

Opinion delivered October 15, 1923.

1. JURY—MODE OF SELECTION.—Where the defendant in a felony case waived a drawn jury, it was unnecessary to have a full panel of 24 jurors; and where she accepted the first 12 jurors presented, she could not complain because the court failed to have additional jurors summoned.

2. WITNESSES—CROSS-EXAMINATION OF ACCUSED.—Where one accused of uttering a forged check testified in her own behalf, it was competent, on cross-examination, to permit the prosecution, for the purpose of impeaching her credibility, to ask her whether the man who gave her the check was a married man; it appearing that she had been traveling and associating freely with the man.

3. CRIMINAL LAW—EVIDENCE—POSSESSION OF OTHER FORGED CHECKS. —It was not error, in a prosecution for forgery, to admit evidence that at the time defendant cashed the alleged forged check she had four other similar checks in her possession.

4. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—Where a verdict is supported by any substantial evidence, it will not be disturbed on appeal.

5. CRIMINAL LAW—INSTRUCTION—OPINION AS TO DEFENDANT'S GUILT. —An instruction to the effect persons under 18 convicted of felonies may be sent to a reform school if, in the judgment of the trial judge, such course may be expedient, was not erroneous as an expression of the court's opinion of defendant's guilt.

6. CRIMINAL LAW—INSTRUCTION—SPECIFIC OBJECTION.—Objection to an instruction that it is ambiguous and calculated to mislead the jury should be pointed out to the court specifically.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*Chew & Ford,* for appellant.

The defendant was entitled to have twenty-four jurors from whom to select the jury to try the case before being compelled to exercise any of her challenges. C. & M. Digest, §§ 3144-45, 3146. The giving by the court of a part of C. & M. Digest, § 804, over appellant's objections, was reversible error. It was not only equivalent to an expression of opinion by the court that the defendant was guilty, but this court has expressly declared that the disposition to be made of a defendant, if convicted,

is not determined, *nor intended to be known,* until after his conviction. 84 Ark. 292. See also 155 Ark. 479; 154 Ark. 297. The court *volunteered* this instruction. 156 Ark. 592.

*J. S. Utley,* Attorney General; *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

1. Appellant was not prejudiced by the failure to comply with C. & M. Digest, §§ 3144-3145, in that her failure to exercise any peremptory challenges was an implied admission that the twelve jurors on the regular panel were unobjectionable. 93 Ark. 173; 50 Ark. 492; 91 Ark. 585; 97 Ark. 132; 133 Ark. 88; 125 Ark. 282.

2. There was no prejudice in permitting the prosecuting attorney to inquire of appellant, when testifying as a witness, whether or not Raymond Mitchell was a married man, and whether she knew of that fact at the time he gave her the check to cash. It went to her credibility. 152 Ark. 380; 146 Ark. 206; 53 Ark. 387; *Clayton* v. *State,* 159 Ark. 592; 156 Ark. 525; 141 Ark. 504; 150 Ark. 220; 114 Ark. 239; 153 Ark. 1.

3. The testimony as to the four other checks of $25 each found in possession of appellant, was admissible as tending to show guilty knowledge or intent. 72 Ark. 597. See also 75 Ark. 433; 81 Ark. 81; 87 Ark. 22; 92 Ark. 482; 94 Ark. 210; 110 Ark. 229; 130 Ark. 127; *Id.* 363.

4. There was no error in giving instruction 2, by the court, being that part of C. & M. Digest, § 804, which was pertinent. See rehearing opinion in *Pittman* v. *State,* 84 Ark. 292; 156 Ark. 597.

HUMPHREYS, J. Appellant was indicted, tried, and convicted in the Sebastian County Circuit Court, Fort Smith District, for uttering a forged check on the First National Bank of Van Buren, Arkansas, to Hunt Dry Goods Company, and, as punishment therefor, adjudged to serve a term of two years in the State Penitentiary.

From the judgment of conviction she has prosecuted an appeal to this court:

Appellant's first assignment of error for a reversal of the judgment is the trial court's refusal to order the sheriff to summon twelve bystanders, so as to complete a full panel of twenty-four men from which to select a jury to pass upon her guilt or innocence. When her case was called, there were only twelve men in the jury-box from the regular panel. Appellant insists that, under §§ 3144-3146 of Crawford & Moses' Digest she had the right to be confronted with a full panel of 24 men, before she could be called upon to exercise any one of her twenty peremptory challenges. Our construction is that it is only necessary to have twenty-four names in the box when a drawn jury is not waived. In this case appellant waived a drawn jury. The waiver was tantamount to saying to the court that there was no necessity for filling up the panel until the qualification of each of the twelve jurors in the box was passed upon, and until the State and appellant should exercise such number of their peremptory challenges as each might desire. The refusal of appellant to challenge any one of the twelve was an implied admission that each was unobjectionable. It would have been a useless thing to have summoned twelve additional men to serve as jurors where the twelve already in the box were unobjectionable.

Appellant's next assignment of error for a reversal of the judgment was in permitting her to be asked, on cross-examination, whether Raymond Mitchell, who gave her the check to cash, was a married man. It is true this was a collateral matter not tending to show whether the check was a forgery, and, if so, whether appellant knew it; but, even so, the question was permissible as a test of her credibility as a witness, as she had been traveling and associating freely with him. This court said, in the case of *Bogue* v. *State,* 152 Ark. 380, "it is within the well established rule to inquire of an accused, on cross-examination, touching his illicit relation as a test of his credibility." This procedure is a well recognized method

of impeaching a witness. *Pearrow* v. *State,* 146 Ark. 206; *Turner* v. *State,* 153 Ark. 41.

Appellant's next assignment of error for a reversal of the judgment is the admission of evidence showing that appellant had four other checks of $25 each, similar to the check uttered, in her possession at the time she cashed the check in question. As the evidence failed to show that appellant attempted to cash either of the four checks, it is contended that the admission of the evidence was tantamount to proving another ·and separate offense in order to secure a conviction of uttering a forged instrument. We do not think so. The checks were similar, and she had possession of all of them at the time she uttered one of them. Guilty knowledge or intent was essential to the crime charged against appellant, and her possession of four other checks, similar to the one uttered, was admissible to show whether she uttered the check in question in good or bad faith. In the case of *Howard* v. *State,* 72 Ark. 597, this court said: "Possession of other like counterfeits or forgeries more or less distinctly implies knowledge, and is admissible in evidence against the defendant." The rule thus announced is supported by the following authorities: Greenleaf, Ev. § 53; Wharton, Crim. Ev. (8th ed). §§ 31-46; Clark, Cr. Pro., p. 518; 1 Bishop, New Cr. Pro., § 1126.

Appellant's next assignment of error for a reversal of the judgment is the alleged insufficiency of the evidence to support the verdict. J. T. Mitchell's name was signed to the check, and it was uttered by appellant. She had four other checks similar to it in her possession at the time. The payee in the check was Raymond Mitchell, the grandson of J. T. Mitchell. There is testimony in the record to the effect that appellant represented herself to be the payee named in the check when she cashed it. J. T. Mitchell and his wife, Elenor Mitchell, testified that Raymond had no authority to issue the check, and that the handwriting was not that of Raymond. This evidence was substantial, and sufficient to justify the

inference that appellant uttered the check with knowl-
edge that it was a forgery. The rule is that, if the
verdict is supported by any substantial evidence, it will
not be disturbed on appeal to this court. *Fields* v. *State,*
154 Ark. 191.

Appellant's next assignment for a reversal of the
judgment is giving instruction No. 2 by the court, which is
as follows: ''The court instructs you that all convicts in
the penitentiary now and all persons hereafter sentenced
to the penitentiary under the age of eighteen years,
and all present and future penitentiary convicts under
eighteen years of age, shall be committed to a place in
said reform school by said board, provided said persons
under eighteen years of age convicted of a felony may
be sent to the penitentiary if, in the judgment of the
trial judge, such course may be expedient.''

Appellant contends that the instruction was tanta-
mount to telling the jury that appellant, in the opinion
of the court, was guilty. We do not so interpret the
instruction. It does not contain an indirect assumption
of appellant's guilt by saying how she would be punished
in case of conviction, as suggested by learned counsel.
The instruction simply apprised the jury that it was
optional with a trial judge, in the exercise of his sound
discretion, whether persons under eighteen years of age
convicted of a felony should be sent to a reform school
or State Penitentiary. The instruction followed the lan-
guage of the statute. Section 804, Crawford & Moses'
Digest. It contained no intimation whatever as to which
place appellant would be sent in case of her conviction.
All of that part of the statute pertinent to the question
of punishment was read to the jury. No error was com-
mitted in giving the instruction.

Appellant's next and last assignment of error for a
reversal of the judgment is that the court erred in giv-
ing instruction No. 1-A, which is as follows: ''If you
believe from the evidence, beyond a reasonable doubt,
that the defendant, Mabel Bohannon, in the Fort Smith
District of Sebastian County, Arkansas, and within three

years next before filing this indictment, unlawfully, fraudulently, and feloniously did utter and pass and exhibit as true to the Hunt Dry Goods Company, of Fort Smith, Arkansas, a partnership composed of R. T. Hunt, T. L. Hunt and Henry Ayres, a certain forged and counterfeit writing on paper, purporting to be a blank check on the First National Bank of Van Buren, Arkansas, as set out in the indictment, the said forged and counterfeit writing on paper being then and there uttered and published as true to the said Hunt Dry Goods Company, as aforesaid, by the said defendant, Mabel Bohannon, with the intent then and there unlawfully, fraudulently and feloniously to obtain possession of the money and property of the said Hunt Dry Goods Company, she, the said Mabel Bohannon, then and there well knowing said writing on paper to be forged and counterfeit, then you should convict the defendant.''

The instruction is assailed upon the alleged ground that it assumes to tell the jury that the check in question was a forged and counterfeit writing. When the second clause of the instruction is read in connection with the first, it is plain the court left the question of whether the instrument was a forged paper to the jury. If there is any ambiguity in the instruction calculated to mislead the jury, the attention of the court should have been called to it by a specific objection, as the instruction contained no inherent defect. *Griffin* v. *State,* 141 Ark. 43; *Sandlin* v. *Bailey,* 146 Ark. 23.

No error appearing, the judgment is affirmed.