## McClain *v*. State.

### Opinion delivered June 23, 1924.

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL.—Permission to withdraw a plea of guilty, previously entered, is a matter that rests in the sound discretion of the trial court, under Crawford & Moses' Dig., § 3076.

2. CRIMINAL LAW—EXERCISE OF DISCRETION—PRESUMPTION.—Where the court denied a petition to withdraw a plea of guilty, every presumption must be indulged in favor of the court's proper exercise of its discretion.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum*, Judge; affirmed.

*J. S. Utley*, Attorney General, and *John L. Carter*, Assistant, for appellee.

McCulloch, C. J. Appellant was indicted for felony, and entered a plea of guilty, which the court accepted and upon which the court entered judgment. The judgment entered recites that appellant appeared in person as well as by attorney, and waived arraignment, and entered a plea of guilty. After the entry of the judgment and on the same day appellant, through another attorney, filed his petition praying that the court set aside the judgment and permit him to withdraw his plea of guilty and to enter a plea of not guilty. In the petition it was alleged that appellant was not guilty of the charge against him, and that, in the absence of his attorney, he was "unduly influenced and persuaded to enter a plea of guilty." On a later day of the term the court heard the

petition and entered an order overruling it, from which order and judgment an appeal has been prosecuted to this court.

There was no motion for a new trial filed nor bill of exceptions taken in the case—nothing appears in the record save the papers on file and the record entries.

There is a statute (Crawford & Moses' Digest, § 3076) which provides that the court may, at any time before judgment, permit a plea of guilty to be withdrawn and a plea of not guilty substituted. It has often been held by this court that permission to withdraw a plea of guilty previously entered is a matter that rests in the sound discretion of the trial court. *Greene* v. *State,* 88 Ark. 290; *Joiner* v. *State,* 94 Ark. 198; *Duncan* v. *State,* 125 Ark. 4. There is no statute on the subject of withdrawal of pleas after rendition of judgment, but the court has the power to set aside its judgment at any time before the expiration of the term. There is nothing to show that the court abused its discretion, and we must indulge every presumption in favor of the court's proper exercise of its discretion.

Affirmed.