ESTES *v.* STATE.

Opinion delivered December 9, 1929.

W. U. McCabe, for appellant.

Hal L. Norwood, Attorney General, and Robert F. Smith, Assistant, for appellee.

McHANEY, J.    This is an appeal from an order of the court overruling appellant's motion to withdraw a plea of guilty to an indictment for grand larceny and permit him to enter a plea of not guilty instead.    This motion was filed and overruled before judgment.    The plea of guilty was put in by the appellant himself, in open court, which is the only way it can be made.    Section 3075, C. & M. Dig.    By § 3076 it is provided that: "At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty to be substituted."    Construing this statute, this court has many times held that it is within the discretion of the trial court to refuse to permit a defendant to withdraw his plea of guilty and to substitute a plea of not guilty, and that such action will not be reversed by this court unless it clearly appears that its discretion in this regard has been abused.    *Greene* v. *State,* 88 Ark. 290, 114 S. W. 177; *Joiner* v. *State,* 94 Ark. 198, 126 S. W. 723; *Duncan* v. *State,* 125 Ark. 4, 187 S. W. 906; *Dudney* v. *State,* 136 Ark. 453, 266 S. W. 898; *McClain* v. *State,* 165 Ark. 48, 262 S. W. 987.

Did the trial court abuse its discretion in this case? We think not.    The record shows that the court explained the nature of the charge in the indictment to appellant, and asked him whether or not he was guilty of the crime of grand larceny as charged in the indictment, "and he

stated that he was, whereupon the court explained that the penalty attendant upon such crime is from one to five years in the State Penitentiary, and he, being further asked, with the foregoing information before him, if he still desired to enter his plea of guilty of the crime of grand larceny,'' he answered that he did, and the court accepted his plea.

There is no showing that appellant did not understand the nature of the charge. There were two indictments for larceny—one for stealing the cattle of James and one for stealing the cattle of Minge. He pleaded guilty to stealing Minge's cattle. He knew the extent of the punishment provided by law, and admitted that the court fully explained the matter to him.

The record fails to reflect any abuse of discretion of the court in any manner, and the judgment must accordingly be affirmed. It is so ordered.