BARNES v. STATE.

Crim. 3932

Opinion delivered June 3, 1935.

*Sam Manatt* and *Roy Nelson,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

BUTLER, J. On the early morning of July 13, 1934, a boy about sixteen years of age was found lying at the edge of a cotton field with his head beaten and his throat cut. When found, he was still living, but died that night as a result of his injuries. On July 16th following, Frank Barnes and his two sons, Bill Barnes, the appellant, and Archie Barnes, were suspected as the parties who had murdered the boy. They were arrested and brought to Little Rock for examination. On the following day the appellant and his father confessed to having committed the crime and to the circumstances thereof. The boy, C. A. Martin, who was murdered had been in the employ of his brother who operated a taxi stand. On July 12, 1934, the Barneses employed the boy to drive them to Manila, Arkansas. While on the journey, the appellant procured an iron bar with which he struck the driver as they were traveling along. The blow did not render the victim unconscious, and he attempted to get out of the car, and appellant struck him, again. At this point the car was stopped, and the elder Barnes and appellant took the boy to the edge of a cotton field where he was beaten and his throat cut. Appellant robbed the boy of forty cents, left him lying on the ground, and went away in his car.

At the October term, 1934, of the Mississippi County Circuit Court, appellant, with his father and brother, was indicted charged with the murder of the boy, C. A. Martin, who was found dying in July before. On November 5, 1934, the appellant, Bill Barnes, and his father, Frank Barnes, entered a plea of guilty. A jury was impaneled to determine the degree of homicide and to assess the punishment. After hearing all the evidence,

the jury returned a verdict finding Frank Barnes guilty of murder in the first degree as charged in the indictment, but they were unable to agree as to the punishment to be inflicted upon Bill Barnes. On January 14, 1935, the case was again called for the purpose of submitting to a jury the degree of guilt and the punishment to be inflicted, whereupon appellant filed his motion for leave to withdraw his plea of guilty and to substitute therefor a plea of not guilty. This motion was overruled by the court.

There was also a motion questioning the legality of the adjourned day of the court and a motion to quash the indictment. These motions were likewise overruled, and the jury was impaneled which, after having heard the evidence, found the appellant guilty of murder in the first degree. The court, thereupon, fixed his punishment at death by electrocution. From that verdict and judgment this appeal is prosecuted.

One of the grounds of error assigned and argued is the refusal of the court to set aside the plea of guilty and allow a plea of not guilty to be entered instead. Section 3076 of Crawford & Moses' Digest provides: "At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty to be substituted." This section has been construed by this court and held to mean that the withdrawal of the plea of guilty and the substitution of a plea of not guilty is within the sound discretion of the trial court, and that its action will not be reviewed unless it clearly appears that such court has abused its discretion in overruling the motion. *Green* v. *State*, 88 Ark. 290, 114 S. W. 477; *Joiner* v. *State*, 94 Ark. 198, 126 S. W. 723; *Duncan* v. *State*, 125 Ark. 4, 187 S. W. 906; *McClain* v. *State*, 165 Ark. 48, 262 S. W. 987; *Estes* v. *State*, 180 Ark. 633, 22 S. W. (2d) 36. In the case at bar the motion to withdraw the plea of guilty is as follows: "Comes the defendant, Bill Barnes, and moves the court to allow him to withdraw his plea of guilty heretofore entered and to plead not guilty to the indictment." No evidence was offered in support of this motion tending to show that any advantage was taken of the appellant, or that he

was not advised of, and did not know, the probable consequences of his plea. It also appears from the record that at the time the plea of guilty was entered appellant was represented by same counsel as represented him in the trial from whence this appeal comes, and there was nothing to show that he would be able to offer any further evidence than that offered at the first trial. The trial court therefore did not abuse its discretion in overruling appellant's motion. The fact that he was a boy nineteen years old at the time his plea of guilty was entered and that his father pleaded guilty at the same time affords no just reason for granting his motion. From his own statement, which he did not at any time deny, he was the one who struck the first blow on the head of young Martin; and it was he who struck at him the second time and then, with his father, dragged Martin to the edge of the cotton field where he was again assaulted and left in a dying condition.

It is next contended that the record does not affirmatively show that the plea. of guilty was made in open court. The presumption is, in the absence of a showing to the contrary, that the proceedings were regular and fair [*Turner* v. *State,* 171 Ark. 1118, 287 S. W. 400, 17 C. J., p. 218, § 3563], and therefore we must presume that the plea was in fact made in open court.

Appellant contends that the court erred in refusing to stay the proceedings, it being alleged in the motion that the court was not legally in session. On the hearing of this motion, testimony of the officer in attendance upon the court was taken. He stated that the presiding judge directed him to adjourn the court to January 14, 1935, and that there and then open proclamation was made to that effect. During the pendency of this appeal, Judge Keck, who was presiding over the court, stated that he made the order as testified to by the officer, whereupon an order *nunc pro tunc* was made and entered, showing the adjourning order from November 5, 1934, to January 14, 1935. It is argued, however, that, although the adjourning order was actually made, January 14, 1935, was one of the days for holding the Second Division of the Circuit Court in the Eastern District of Clay

County, and that therefore the adjourning order was void. This contention is based upon the case of *Central Coal & Coke Co.* v. *Graham,* 129 Ark. 550, 196 S. W. 940, holding that an adjournment by the circuit court over to a day fixed by law for holding of court in another county is void, and the term lapses by virtue of the adjournment. January 14, 1935, however, was not the day fixed by law for holding the court in the Eastern District of Clay County. That day was January 7, 1935, and, in the absence of a showing to the contrary, it will be presumed that the business of that court had been concluded and that it had adjourned before January 14th. "The legality and validity of the organization of the trial court will be presumed, and, in the absence of any showing in the record to the contrary, all presumptions will be made in favor of the jurisdiction of the court over the person of defendant." 17 C. J., *supra;* see also *Hanson* v. *State,* 160 Ark. 329, 254 S. W. 691; *Day* v. *State,* 185 Ark. 710, 49 S. W. (2d) 380.

It is insisted that the trial court erred in admitting the confession of the appellant and in refusing to instruct the jury to disregard the same, and to return a verdict of not guilty as to murder in the first degree. As a preliminary to the introduction of appellant's confession, those who were with the appellant from the time he was arrested until he was lodged in the jail in Little Rock testified that he was not mistreated or intimidated in any way, and that no inducements were offered him in an attempt to secure a confession. The officers who had charge of him during the night testified that he was confined so that no one could have access to him during that time, and that, in fact, no one did. Testimony was given to the effect that, during the course of his questioning which led to his confession, he was not mistreated or threatened in any way, no promises of clemency were made, and his confession was freely and voluntarily made. There was no testimony to the contrary. Therefore the rule to the effect that the State must affirmatively show that the confession was voluntarily made and without undue influence of any kind before it can be introduced in evidence (*Smith* v. *State,* 74 Ark.

379, 85 S. W. 1123; *Bell and Swain* v. *State,* 177 Ark. 1034, 9 S. W. (2d) 238) was complied with in the instant case, and the confession was properly introduced.

Two witnesses testified that they heard the noise of an automobile. and a sound of blows at about the place the boy was found lying the following morning. A physician, who attended the boy at the hospital where he was taken, testified that he was suffering from. cuts and bruises on the head inflicted by a blunt instrument and cuts across the throat inflicted by a sharp instrument; that a combination of these wounds was the cause of his death.

The undertaker who prepared the body for burial testified that there was a hole in the back of the head and several smaller lacerations on the head.

Appellant admitted to having been the one who first struck the boy on the head with an iron bar, and also that he struck at him again. From his testimony it is clear that the motive was robbery of whatever money Martin had and his car. Therefore the testimony abundantly justified the court in declining to instruct the jury to find the appellant not guilty of murder in the first degree, and is also ample to support the verdict.

The appellant has not argued the assignment of error with respect to the refusal of the trial court to quash the indictment on the ground that some of the grand jurors were not members of the regular panel and others were not qualified electors. We have examined the record and find that the court took testimony on this motion, which we find it unnecessary to review, as it was ample to sustain the action of the trial court. Section 3030, Crawford & Moses' Digest.

Finding no reversible error, the judgment is accordingly affirmed.