CARSON v. STATE.

4120                                        128 S. W. 2d 373

Opinion delivered April 24, 1939.

*Joe N. Wills* and *Milton McLees*, for appellant.

*Jack Holt*, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellee.

McHANEY, J. Appellant was charged by information with murder in the first degree for the shooting and killing of J. B. Keller, a guard who attempted to prevent his escape from the State Hospital for Nervous Diseases, in which he was confined for observation on another charge. On his motion for a continuance, suggesting his insanity, the court made an order committing him to the said State Hospital for Nervous Diseases for observation and report. At his own suggestion and on his own motion, the court later made an order removing him from said hospital and recommitting him to the county jail. He also moved the court for a separate sanity hearing and that his trial for murder be postponed until a jury should determine his sanity. This motion was overruled. He was put to trial September 19, 1938, and the jury returned a verdict that he was insane at the time of trial. The court, on further consideration, determined that error had been committed in submitting to the jury

the question of appellant's sanity at the time of the trial, declared a mistrial, and, acting under the provisions of §§ 12555-12558 of Pope's Digest, recommitted him to said State Hospital to be there confined as an insane person until declared by the physicians thereof to be restored to reason, when he should be, on demand, returned to the sheriff of Pulaski county to be again confined in the county jail.

On October 31, 1938, after the hospital authorities had again reported appellant sane, he entered his plea of guilty to murder in the first degree, and the court made the following docket entry: "10/31/38 Plea of guilty by Joel Carson, alias Jewell Carson, to murder in the first degree. Death penalty waived by prosecuting attorney. By agreement and by consent of court the jury is waived. Case passed for judgment—defendant to be returned immediately to the state of Oklahoma to complete his unexpired sentence in the Oklahoma state penitentiary, with the understanding that this record shall show defendant is to be held and delivered to Arkansas authorities upon expiration of his sentence in Oklahoma or upon his release therefrom for any reason, thereupon he is to be returned to the court and sentenced to life imprisonment upon the above indictment and plea of guilty."

On November 22, 1938, appellant filed another motion for a separate sanity hearing, alleging he was then insane. Also a motion to set aside his plea of guilty on the ground he was insane at the time of entering said plea. Also a plea of former jeopardy was interposed. These motions and plea were overruled. The court found that the plea of guilty had been accepted, and that the case had been passed for judgment on certain conditions which were not fulfilled to the satisfaction of the court. Appellant was put to trial on his plea of guilt, a jury being impaneled to hear evidence and determine the degree of the offense charged. Such trial resulted in a verdict of guilty of murder in the first degree, with the death penalty, on which judgment was accordingly entered.

To reverse this judgment, appellant first contends that the court erred in denying him the right to withdraw his plea of guilty. The statute provides, § 3901, Pope's Digest, that: "The plea of guilty can only be put in by the defendant himself in open court." The next section, 3902, says: "At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

It has long been the rule, construing the statute, that the right to withdraw a plea of guilty rests in the sound discretion of the trial court and that its action in this regard will be reversed only when it clearly appears that its discretion has been abused. *Green* v. *State,* 88 Ark. 290, 114 S. W. 477; *Joiner* v. *State,* 94 Ark. 198, 126 S. W. 723; *Estes* v. *State,* 180 Ark. 633, 22 S. W. 2d 36. The discretion of the trial court to permit the withdrawal of the plea of guilty will be indulged in favor of the proper exercise thereof. *McLain* v. *State,* 165 Ark. 48, 262 S. W. 987.

Appellant bases his whole argument, under this assignment, on the assumption that the plea of guilty was entered on condition and that under the law, a conditional plea cannot be made. Assuming the correctness of this conclusion, as a matter of law, still if the premise is false, the conclusion does not follow. There was no conditional plea of guilty. It appears to be unconditional, and only the suspension of sentence was conditional. The court had the right to postpone sentence on the plea. *McPherson* v. *State,* 187 Ark. 872, 63 S. W. 2d 282. It did not have the right to waive the impaneling of a jury to determine the degree of the crime. Section 4041, Pope's Digest, provides: ". . . but if the accused confess his guilt, the court shall impanel a jury and examine testimony, and the degree of the crime shall be found by such jury." This statute has many times been held to be mandatory. *Banks* v. *State,* 143 Ark. 154, 219 S. W. 1015; *Wells* v. *State,* 193 Ark. 1092, 104 S. W. 2d 451. So, neither the prosecuting attorney nor the court could waive the impaneling of a jury and the jury alone could fix the degree of the crime. Section 3912 of the digest provides: "In all criminal cases except where a sen-

tence of death may be imposed, trial by a jury may be waived by the defendant, provided the prosecuting attorney gives his assent to such waiver. Such waiver and the assent thereto shall be made in open court and entered of record. . . ." So it will be seen that in this case not even appellant could waive the jury. The prosecuting attorney could make a recommendation to the jury, as he did in this case, but the jury could and did in this case disregard same. We, therefore, conclude that the court did not err in refusing to permit appellant to withdraw his plea, or at least we cannot say that such refusal was an abuse of discretion.

It is next urged that the court erred in holding that the question of present sanity was not an issue and in denying him a separate trial on such issue. We cannot agree. Insanity is a defense, and, if we are correct in holding that appellant properly entered his plea of guilt and that no error was committed in refusing permission to withdraw same, of course, the question of his present sanity was not an issue.

It is finally argued that the court erred in refusing his plea of former jeopardy. At the first trial, the court submitted three issues: (1) Whether appellant was guilty of some degree of murder; (2) whether he was insane at the time the crime was alleged to have been committed; and (3) whether he was insane at the time of trial. The jury found him insane at the time of trial and nothing more, and thereafter the court declared a mistrial. This was not sufficient to support the plea of former jeopardy. The rule is stated in 15 Am. Jur., p. 51, as follows: "One found by the jury to be insane at time of trial cannot plead former jeopardy when arraigned a second time on the same charge, although the jury at the same time returned a verdict of guilty which was set aside by the court." Our statute, § 3881 of Pope's Digest, is persuasive to this same effect.

No error appearing, the judgment is affirmed.

SMITH, HUMPHREYS, and HOLT, JJ., dissent.

SMITH, J. (dissenting). The majority correctly say that it is within the sound judicial discretion of the trial

court to refuse to permit an unconditional plea of guilty to be withdrawn. But it is not and cannot be contended that the court is without power to permit the withdrawal of a plea of guilty which is unconditional. Section 3902, Pope's Digest, provides that "At any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted." The law is, therefore, that, even though appellant's plea of guilty was absolute and unconditional, it was within the power of the court to permit its withdrawal and the entry of a plea of not guilty.

But appellant's plea was not absolute and unconditional, as appears from the notation upon the court's docket copied in the majority opinion. These conditions were, as that entry recites: 1. The death penalty would be waived. 2. The jury would be waived. 3. Appellant would be returned immediately to the State of Oklahoma, there to complete service of an unexpired sentence. 4. That the records of the Oklahoma penitentiary should show that appellant would be held and delivered to the Arkansas authorities on his release for any reason by the Oklahoma authorities. 5. That upon such contingency appellant would be returned to this state and sentenced by the court below to life imprisonment.

The agreement to waive a jury trial of itself shows that it was agreed that a death sentence would be waived, as such a sentence can be imposed only upon the verdict of a jury.

In the case of *Hudspeth v. State*, 188 Ark. 323, 66 S. W. 2d 691, the defendant asked to be allowed to withdraw a plea of guilty previously entered. He alleged an agreement between himself and the prosecuting attorney that all the indictments against him except one should be dismissed, and that the prosecuting attorney was refusing to abide by this agreement, wherefore he asked leave to withdraw his plea of guilty. In denying this prayer the court said: "A conditional plea of guilty is not authorized, and the court could not accept such a plea. (Citing cases). It is within the discretion of the court to permit a plea of guilty to be withdrawn. The record does

not show that the plea was entered conditionally. The evidence is in conflict as to what took place, and we think there was no abuse of discretion in refusing to permit appellant to withdraw his plea of guilty.'' In other words, it was found, as a fact, that the plea of guilty had not been conditionally entered, and that it was within the discretion of the court to refuse to permit the withdrawal of a plea which had been unconditionally entered. The clear implication of that case is that permission to withdraw the plea of guilty should have been granted had it been found that it was conditionally entered, and certainly so if the prosecuting attorney refused to abide by the condition upon which it had been entered.

It occurs to me that as a matter of good sportsmanship, if nothing else, the state should either have performed the conditions under which the plea of guilty was entered or should have permitted its withdrawal. Indeed, it is difficult to understand the logic by which the majority reach the conclusion that there was an unconditional plea of guilty. To say that it was not conditional is to contradict the solemn record of the proceedings of the court. If it were void because it was conditional, for the reason that conditional pleas may not be entered, then it should be held void for all purposes. It does not appear to me to be fair, or to be authorized by law, to say that the plea is binding as an admission of guilt and at the same time ignore the conditions upon which it was entered.

The record recites that ''The court accepted the plea of guilty to murder in the first degree and passed the case for judgment upon certain conditions which have not been fulfilled to the satisfaction of the court. In addition to the condition to be found in the record there is implied condition that the defendant will not violate the law while under suspension of sentence. The court is satisfied that the defendant has violated this implied condition.'' in view of this additional recital, how can it be questioned that the plea was conditional?

That the court was attempting to exercise a power which it did not possess was expressly held in the case of

*Wolfe* v. *State,* 102 Ark. 295, 144 S. W. 208, Ann. Cas. 1914A, 448, to which case I shall later refer.. But let it be first observed that the court's action was prompted by appellant's violation of an "implied condition" not to further violate the law. It was not said, and is not contended, that such a condition was expressed or agreed upon. We do not know what this act of violation was, as he has at all times been confined. But if he was and is insane, that mental condition would be a valid defense, not only to the charge of homicide, but also to any subsequent charge. Appellant has never interposed any defense except that of insanity, and that defense has been submitted to only one jury, and that jury found, under testimony not before us (except only that the physicians at the State Hospital pronounced him sane), that appellant was insane at the present time. In other words, the jury found, notwithstanding the report of the hospital physicians, as follows: "We, the jury, find the defendant insane at the present time."

But, to return to the Wolfe Case, above referred to, it was there said: "There is no authority in the statute 'for a plea of guilty to be entered and received on any kind of condition, or for judgment to be suspended on condition'. *Joiner* v. *State,* 94 Ark. 198, 126 S. W. 723."

In this Wolfe case the defendant confessed his guilt and entered a plea of guilty, but upon condition that fines would not be imposed under this plea unless he subsequently violated the law. It was found by the trial court—and that finding was not questioned by this court—that the defendant had, subsequent to the entry of his plea of guilty, violated the law, and the trial court imposed fines under this plea. In holding that it was error to impose fines pursuant to this plea, it was there said: "In the case, since the court finds that the appellant's pleas of guilty were entered upon condition, it results that they were not such pleas of guilty as the law authorizes or contemplates, and therefore the court was not justified in inflicting punishment upon such pleas." The judgment imposing fines under the pleas was reversed and the cause was remanded with directions to allow the

defendant to withdraw his plea of guilty and to enter a plea of not guilty. That case cannot be distinguished from the instant case.

In the case of *Miller* v. *State,* 160 Ark. 245, 254 S. W. 487, we quoted with approval the following statement of the law appearing in 16 C. J., pp. 397, 398, § 730: " 'The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. Therefore, the court ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequence of his act, or was influenced unduly and improperly, either by hope or by fear, in the making of it, or if it appears that the plea was entered under some mistake or misapprehension. Ordinarily it will not be granted, however, where the plea was entered voluntarily without any undue influence, or where no reason whatever is assigned for the change.' See *Joiner* v. *State,* 94 Ark. 198, 126 S. W. 723; *Cox* v. *State,* 114 Ark. 234, 169 S. W. 789. See, also, *Wolfe* v. *State,* 102 Ark. 295, 144 S. W., Am. Cas., 1914A, 448; 8 R. C. L. 111-112, §§ 77 and 78."

In the chapter on Criminal Law in 14 Am. Jur., § 287, p. 961, it is said: "The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

As has already been said in this opinion, and as is also stated in the majority opinion, the court set aside the verdict of the jury finding appellant insane at the time of the trial notwithstanding the opinion to the contrary expressed in the report of the staff of the State

Hospital for Nervous Diseases. The court did this under what I think was a misapprehension of the purpose and effect of Initiated Act No. 3, Acts of 1937, p. 1384. We copy the following statement of the trial judge appearing in the record: "Unless and until a contrary ruling shall have been made by the Supreme Court the court stands committed to its decision that Initiated Act No. 3 meant to repeal by implication the common law and statutory rule granting separate sanity hearings and to vest in the Staff of the State Hospital the decision as to present insanity. This in no way impairs the defense of insanity during a trial on the merits.

"Since the last reference of the question of defendant's present mental condition, under Act No. 3, was made subsequently to the mistrial referred to, and since the report on this reference again held the defendant sane, and since also the court is of the opinion *that this question is not a jury matter,* the plea of guilty to murder which has since been entered by defendant was in the opinion of the court properly received."

The view of the trial judge appears to have been that only the Staff of the State Hospital may pass upon the present sanity of an accused person, and not the jury, and that the jury may pass upon the sanity of the accused only at the time of the commission of the offense "during a trial upon the merits." The purpose of the act was not to deprive juries of the right to pass upon this question of fact. Indeed, such legislation would violate the provisions of our Constitution, which makes juries triers of questions of fact, and it is certainly a question of fact whether the accused is sane at this time. It was rather the purpose of the Act No. 3 to furnish the juries the assistance which the Hospital Staff might afford, rather than to take from the juries the right to hear and decide the question of sanity at the time of the trial. It was no doubt this misapprehension of the purpose and effect of Act No. 3 which led the trial court into what I conceive to be error.

Acting under this misapprehension the trial which thereafter followed was, to say the least of it, perfunctory.

The defendant had only one defense, and that was insanity, both now and at the time of the homicide. He was, of course, guilty of murder in the first degree, if he was sane at the time of the killing. But he had the right to have the jury pass on that question, and this right was denied him. The court charged the jury as follows:

"Gentlemen of the jury, upon the plea of guilty the court will instruct you all defenses have been excluded, also the defense of insanity. The question of sanity does not arise in this proceeding for the consideration of the jury."

Appellant had been found insane at the present time, and the jury at the trial from which this appeal comes was not permitted to pass upon the question of his sanity at the time of the homicide. He was put to trial without being allowed to offer his only defense, and this action is upheld because, as the majority say, he had entered a plea of guilty, which was an admission of sanity. *Non sequitur*. The attorney for the accused entered this plea because there was held forth to his client the promise of continued life over the probability of immediate death, and if this promise and agreement was not to be kept, he should have been allowed to withdraw the plea. Under the authority of the Wolfe and Hudspeth cases, *supra,* he had the right to do this, and it was not within the discretion of the court to deny him that right, because his plea was conditional. But, even though the court had the discretion to deny this right, it was, under the facts of this case, an abuse of discretion to deny the right to withdraw the plea.

The judgment should, therefore, in my opinion, be reversed, and the cause remanded, with directions to permit appellant to withdraw his plea, and to submit the question of his sanity to the jury.