Adams *v.* Plummer, Judge.

4-8516                                    209 S. W. 2d 868

Opinion delivered April 5, 1948.

*Harold Sharpe,* for petitioner.

Minor W. Millwee, Justice. This is an original proceeding in this court by petitioner, Emanual Adams, for a writ of mandamus to require the Judge of the First

Judicial Circuit to act upon a motion for new trial filed by petitioner in the Circuit Court of St. Francis County.

It appears from the record that petitioner entered pleas of guilty to three separate charges of burglary and grand larceny in circuit court on September 17, 1947. On September 26, 1947, respondent sentenced petitioner to a term of four years for burglary and two years for grand larceny on each of the three joint charges, the sentences in the three cases to run concurrently. On October 3, 1947, a penitentiary commitment was issued. On December 17, 1947, petitioner, through his attorney, filed a motion in the circuit court to set aside the order of September 26, 1947, sentencing him to six years in the penitentiary, and the commitment issued thereon.

It was alleged in the motion that petitioner was 19 years of age and had never been previously convicted of a crime; that he was not financially able to employ an attorney and the court did not appoint an attorney to represent him; that the trial court did not question him concerning his age and educational background and was not in position to exercise proper discretion in determining whether petitioner should be committed to the State Penitentiary or the Boys' Industrial School; that Thomas Miller, a co-defendant in the cases, who was 18 years of age, was permitted to re-open his case before commitment to the penitentiary and was given a suspended sentence after he made restitution to the injured parties and it was shown that he did not have a prior criminal record.

It was further alleged in the motion that petitioner had been deprived of his liberty without due process of law in that he was not represented by counsel and had not been given an opportunity to present facts which would entitle him to clemency; and that the court acted erroneously in sentencing him to the penitentiary.

Petitioner offered no proof in support of the motion to set aside the order and commitment and same was denied by the trial court on December 17, 1947, and exceptions duly saved. On the same date petitioner filed a motion for a new trial which the trial court refused

to act upon because same was not filed ''in appointed time.''

While the record fails to show that petitioner excepted to the refusal of respondent to. act on the motion for new trial, and is deficient in other respects, we treat the court's action as tantamount to overruling the motion for new trial and this proceeding as an appeal from the action of the court in denying petitioner's motion to vacate and set aside the order sentencing him to the penitentiary and the commitment issued thereon. In determining whether the trial court erred in denying the motion to vacate we may only look to the allegations set out therein.

We have a statute (§ 3902, Pope's Digest) which provides that the court may permit a plea of guilty to be withdrawn, and a plea of not guilty substituted, at any time before judgment. While we have no statute relating to withdrawal of guilty pleas after rendition of judgment, the trial court has power to set aside its judgment at any time before expiration of the term. This court has often held that permission to withdraw a plea of guilty previously entered is a matter that rests in the sound discretion of the trial court, and its action will not be reviewed unless it clearly appears that such court has abused its discretion. We have also said that every presumption must be indulged in favor of the trial court's proper exercise of its discretion. *Joiner* v. *State,* 94 Ark. 198, 126 S. W. 723; *Duncan* v. *State,* 125 Ark. 4, 187 S. W. 906; *McClain* v. *State,* 165 Ark. 48, 262 S. W. 987; *Barnes* v. *State,* 190 Ark. 1061, 83 S. W. 2d 58.

It will be observed that petitioner has never contended that he is innocent of the several charges to which he pleaded guilty, nor has he ever requested that he be permitted to withdraw the guilty pleas. The motion alleges that he was not represented by counsel, but it is not alleged that he requested counsel, nor that he was not advised of his right to counsel under the statute (§ 3877, Pope's Digest). There is neither allegation nor proof that petitioner was improperly induced to enter

a plea of guilty and the record shows that he was advised by the court of the nature of the charges and the legal consequences of such plea. The essence of petitioner's contention in the motion is that the trial court should have re-opened the case and either sentenced petitioner to the Boys' Industrial School or given him a suspended sentence, since this form of clemency was extended to the younger co-defendant.

Under § 12919 of Pope's Digest, it is optional with a trial judge, in the exercise of his sound discretion, whether persons under the age of 18 years convicted of a felony shall be sent to a reform school or the State Penitentiary. *Bohannon* v. *State,* 160 Ark. 431, 254 S. W. 683. Inasmuch as petitioner was over 18 years of age at the time he entered his plea of guilty it was not within the court's discretion to sentence him to the Boys' Industrial School instead of the penitentiary.

In the case of *Cox* v. *State,* 114 Ark. 234, 169 S. W. 789, the defendant entered a plea of guilty to a felony at one term of court and the cause was continued until the corresponding term of the following year. At that term defendant filed a petition to set aside and withdraw his plea of guilty alleging that he was forced to trial without counsel which he was unable to employ and entered the plea when he was not in fact guilty. After hearing testimony, the trial court denied the petition and sentenced defendant to the penitentiary. On appeal the judgment was affirmed and Justice Wood, speaking for the court, said: ''The statute provides for the appointment of counsel upon the request of one who has been indicted for a felony where he is unable to employ any. Kirby's Digest, § 2273. Appellant made no request for the court to appoint counsel to defend him. On his motion to set aside the plea of guilty, he did not offer to introduce any testimony that tended to prove that he was not guilty of the crime charged, and his testimony was not sufficient to show that he was induced to enter a plea of guilty under a misapprehension of the facts. His plea of guilty was entered voluntarily, and there is nothing in the record to show that the plea was improperly entered. It was within the discretion of the court,

under the evidence adduced, to allow appellant to withdraw his plea of guilty entered at a former term, or to refuse to allow him to do so. There was no abuse of the court's discretion. *Joiner* v. *State,* 94 Ark. 198, 126 S. W. 723."

Petitioner argues that a "paradoxial" situation exists in this case in that he was charged as an accessory after the fact and sentenced to the penitentiary, while the co-defendant was charged as principal and has been given a suspended sentence. The record does show that petitioner was charged as an accessory after the fact and found guilty as a principal, but this is permissible under the statute (§ 25, Initiated Act No. 3 of 1936, Acts of Ark. 1937, p. 1384). The authority to grant or refuse suspended sentences is in all cases within the sound discretion of the trial court under Act 262 of 1945. The co-defendant was nearly two years younger than petitioner and there may have been many other factors which warranted the trial court in granting a suspended sentence to one defendant and refusing it as to the other.

Since we have concluded that the trial court did not abuse its discretion in denying petitioner's motion to vacate the judgment imposing the sentence and the commitment issued thereon, the petition for writ of mandamus will be denied. It is so ordered.